# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| In the Matter of: | Case No. 21-51802 |
| John Eric Orem Jr. | Chapter 7 |
| Serrina Louise Orem | |
| Debtors | Judge C. Kathryn Preston |

## OBJECTION BY DAVID M. WHITTAKER TRUSTEE TO MOTION BY KEYBANK N.A. FOR RELIEF FROM STAY REGARDING REAL PROPERTY AT 7922 THIRD STREET ORIENT OH
**(Related to Doc. No. 28)**

David M. Whittaker ("Trustee"), the Trustee in the Chapter 7 case ("Chapter 7 Case") of John Eric Orem Jr. & Seerina Louise Orem ("Debtors") objects ("Objection") to the Motion by KeyBank N. A. ("KeyBank") for relief from stay regarding the real property at 7922 Third Street Orient OH ("Real Property"; the motion is hereinafter referred to as the "KeyBank Motion ").

In support of this Objection the Trustee states as follows.

### I.     BACKGROUND AND JURISDICTION

1.   The Debtors filed the Chapter 7 case on May 22, 2021.

2.   The Trustee was appointed as the Trustee in the Chapter 7 Case by the Office of the U.S. Trustee pursuant to the provisions of 11 U.S.C. § 701.

3.   This Court has jurisdiction over the Chapter 7 Case and over the KeyBank Motion and this Objection pursuant to the provisions of 28 U.S.C. § 1334 and the Order of Reference entered in this District.

4. Venue of the Chapter 7 Case is proper pursuant to the provisions of 28 U.S.C. § 1408.

5. The KeyBank Motion and this Objection are core proceedings pursuant to the provisions of 28 U.S.C. § 157(2)(A), (G), and (O).

6. On the date of the filing of the Chapter 7 Case the Debtors were the owners of the Real Property.

7. The Real Property is property of the bankruptcy estate in the Chapter 7 Case pursuant to the provisions of 11 USC § 541. The Real Property has not been abandoned by the Trustee pursuant to 11 USC § 554.

8. The meeting of creditors in the Chapter 7 Case was originally scheduled for July 1, 2021. Due to a medical emergency in the Trustee's family the meeting of creditors was rescheduled for July 15, 2021 and was held on that date.

9. Subsequent to the July 15, 2021 meeting of creditors the Trustee received a telephone call from a title company regarding the Real Property. During this telephone call the Trustee learned that the Debtors executed a contract on June 13, 2021 for the sale of the Real Property to John Orem Sr. and Linda Orem for a purchase price of $120,000. On July 8, 2021 the Debtors executed an addendum to the contract reducing the purchase price to $109,500 and agreeing to pay $3200 in closing costs (collectively the contract and the addendum are the "Real Estate Contract"). The Trustee understands that John Orem Sr. and Linda Orem are the parents of the Debtor John Orem Jr. and they also have signed the Real Estate Contract. The Debtors did not disclose the existence of the Real Estate Contract during the meeting of creditors or thereafter and the Trustee only learned of the existence of the Real Estate Contract due to the call with the title company.

10. The Trustee also learned during the call with the title company that on July 17, 2021 the Debtors executed a deed ("Post-Petition Deed") conveying the Real Property to John Orem Sr. and Linda Orem. The Post-Petition Deed was executed two days <u>after</u> the meeting of creditors was held in the Chapter 7 Case. The Debtors also executed other closing documents ("Closing Documents") on July 17, 2021 regarding the transfer of the Real Property.

11. The execution of the Post-Petition Deed by the Debtors on July 17, 2021 was a transfer of the Real Property under Ohio law.

12. The execution of the Post-Petition Deed by the Debtors on July 17, 2021 was not authorized by any provision of the Bankruptcy Code or by an Order entered by the Bankruptcy Court. Therefore, the execution of the Post-Petition Deed by the Debtors on July 17, 2021 is avoidable by the Trustee as a post-petition transfer pursuant to 11 USC § 549.

13. The Trustee has negotiated an agreement with New Rez Mortgage, the first mortgage holder regarding the Real Property, to sell the Real Property with a carve out from the first mortgage for the benefit of the bankruptcy estate. Alternatively, there may be equity in the Real Property as the realtor that the Trustee seeks to retain[1] estimates the value of the Real Property at $155,000, which exceeds the debts on the Real Property. Because the Debtors voluntarily transferred the Real Property post-petition and concealed the transfer, they are not entitled to claim any exemption in the Real Property once the transfer is avoided and the Real Property is recovered for the benefit of the bankruptcy

---

[1] An Application to Employ Gryphon Companies & BK Global Inc. as Realtors for the Trustee was filed on August 24, 2021 (Doc. No. 36) and the information in this Application is incorporated by reference.

estate because of the provisions of 11 USC § 522(g). Therefore, the sale of the Real Property will benefit the bankruptcy estate and will be in the best interests of creditors.

## II.     BASIS FOR THE OBJECTION

1. The first basis for the Objection is procedural in nature. The pleading that was filed by KeyBank as the KeyBank Motion is really just a Notice and Exhibits. Doc. No. 28 was labeled as a motion by KeyBank but it is only the Notice and Exhibits. Doc. No. 29 was filed as the Notice of the KeyBank Motion but it is a duplicate of the documents filed as Doc. No. 28. So no motion was actually filed and the pleadings filed by KeyBank fail to comply with the collective requirements of Federal Rules of Bankruptcy Procedure 9013 and 9014 and Local Bankruptcy Rules 9013-1 and 9014-1. Therefore, the KeyBank Motion must be denied because it is procedurally defective.

2. In addition, the KeyBank Motion should not be granted because the interests of KeyBank in the Real Property are adequately protected by either the equity cushion in the Real Property and/or by other arrangements that the Trustee has made with New Rez Mortgage for the sale of the Real Property. The Closing Documents from the Debtors' attempt to sell the Real Property indicate that the payoff on the New Rez Mortgage and the KeyBank Mortgage and the costs of sale total only about $110,000. The realtor that the Trustee wishes to employ estimates the value of the Real Property at approximately $155,000. Therefore, there is either equity in the Real Property for the benefit of the bankruptcy estate and/or the carve out arrangement with New Rez Mortgage will benefit the bankruptcy estate. Therefore, KeyBank cannot demonstrate that it is entitled to relief from stay based upon the provisions of 11 USC § 362(d).

3. For the foregoing reasons the KeyBank Motion should be denied.

Respectfully submitted,

*/s/ David M. Whittaker*
David M. Whittaker, Esq.   (0019307)
ISAAC WILES & BURKHOLDER LLC
Two Miranova Place, Suite 700
Columbus, OH 43215
PH: (614) 340-7431 / FAX: (614) 365-9516
E-mail:  dwhittaker@isaacwiles.com
*Attorney for David M. Whittaker, Trustee*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing OBJECTION BY DAVID M. WHITTAKER TRUSTEE TO MOTION BY KEYBANK N.A. FOR RELIEF FROM STAY REGARDING REAL PROPERTY AT 7922 THIRD STREET ORIENT OH was served upon the following parties in the manner indicated on August 26, 2021.

*/s/ David M. Whittaker*
David M. Whittaker Esq.
*Attorney for David M. Whittaker Trustee*

The parties registered to receive service by ECF who have entered an appearance in this case were served by ECF at the email address registered with the Court.

The following parties were served by U.S. mail at the address indicated.

John Eric Orem, Jr.
99 Canterbury Ct.
London, OH 43140

Seerina Louise Orem
190 Ranelle Dr.
Columbus OH 43204