UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

In re:                                                   Case No. 21-51802

John Eric Orem Jr.                                       Chapter 7
Seerina Louise Orem

                         Debtors                         Judge C. Kathryn Preston

_____

David M. Whittaker Trustee
Two Miranova Place, Suite 700
Columbus, OH 43215

                         Plaintiff              Adv. Pro, No. _____

          vs.                          :

John Orem Sr
99 Canterbury Ct.
London OH 43140

          And

Linda Orem
99 Canterbury Ct.
London OH 43140

                         Defendants             :


**COMPLAINT 1) FOR THE AVOIDANCE AND RECOVERY OF THE POST-PETITION
TRANSFER OF REAL PROPERTY BY JOHN ERIC OREM JR. & SEERINA OREM
TO JOHN OREM SR. & LINDA OREM, 2) FOR A MONEY JUDGMENT  AGAINST
JOHN OREM SR. & LINDA OREM, JOINTLY AND SEVERALLY, FOR DAMAGES,
COSTS, AND  ATTORNEY FEES FOR THEIR WILLFULL VIOLATION OF THE
AUTOMATIC STAY, AND 3) FOR PUNITIVE DAMAGES  AGAINST JOHN OREM SR.
& LINDA OREM, JOINTLY AND SEVERALLY, FOR THEIR WILLFULL VIOLATION
OF THE AUTOMATIC STAY**

David M. Whittaker Trustee ("Trustee"), the Plaintiff in this adversary proceeding ("Adversary Proceeding")  files this complaint ("Complaint") against John Orem Sr. and Linda Orem 1) for the avoidance and recovery of the post-petition transfer of real property by John Orem Jr. and Seerina Orem ("Debtors") to John Orem Sr. and Linda Orem, 2) for a money judgment against John Orem Sr and Linda Orem, jointly and severally, for damages, costs, and attorney fees, for their willful violation of the automatic stay provisions of 11 USC § 362, and 3) for punitive damages against John Orem Sr. and Linda Orem, jointly and severally, for their willful violation of the automatic stay provisions of 11 USC § 362

In support of the Complaint, the Trustee alleges as follows:

I.    **JURISDICTION AND VENUE**

1.    This Court has jurisdiction over this Adversary Proceeding and over the Chapter 7 case of the Debtors ("Debtors' Case") pursuant to 11 U.S.C. § 157 and 11 USC § 1334 and pursuant to the Order of Reference entered by the U.S. District Court in this District.

2.    This Adversary Proceeding is a core proceeding pursuant to the provisions of 28 USC § 157(b)(1) and (b) (2)(A), and (O).  This Court may enter a final order in this Adversary Proceeding pursuant to these code sections and Article III of the United States Constitution.

3.    In accordance with Federal Rule of Bankruptcy Procedure 7008, the Trustee consents to the entry of final orders or judgments in this Adversary Proceeding if it is determined that this Court cannot enter final orders or judgments consistent with Article III of the United States Constitution.

4.      Venue of this Adversary Proceeding and of the Debtors' Case is proper pursuant to the provisions of 28 USC § 1409.

5.      The statutory bases for this Adversary Proceeding are 11 USC §§ 362, 544, 549, 550, and 551.

## II.    THE PARTIES AND GENERAL BACKGROUND

6.      The Trustee restates and reaffirms all prior paragraphs as if fully rewritten.

7.      The Debtors' Case was filed on May 22, 2021 of record as Case No. 21-51802. The Trustee was appointed in the Debtor's Case by the Office of the U.S. Trustee pursuant to the provisions of 11 U.S.C. § 701.

8.      The Trustee is authorized to file this Adversary Proceeding pursuant to the provisions of 11 U.S.C. § 704.

9.      John Orem Sr. and Linda Orem are the parents of John Orem Jr. and are the parents in law of Seerina Orem.  John Orem Sr. and Linda Orem are insiders of the Debtors pursuant to the provisions of 11 USC § 101(31)(A)(i).

10.     On the date of the filing of the Debtors' Case the Debtors were the owners of real property known as 7922 Third St. Orient OH 43146 ("Real Property"). A copy of the deed by which the Debtors acquired the Real Property is attached as Exhibit A and is incorporated by reference. The legal description for the Real Property is contained in Exhibit A and is also specifically incorporated by reference.

11.     The Real Property is property of the bankruptcy estate in the Debtors' Case pursuant to the provisions of 11 USC § 541. The Real Property has not been abandoned by the Trustee pursuant to 11 USC § 554.

12.    The meeting of creditors in the Debtors' Case was held on July 15, 2021.

13.    Subsequent to the July 15, 2021 meeting of creditors the Trustee received a telephone call from a title company regarding the Real Property. During this telephone call the Trustee learned that the Debtors executed a contract ("Real Estate Contract") on June 13, 2021 for the sale of the Real Property to John Orem Sr. and Linda Orem for a purchase price of $120,000. The Trustee also learned that on July 8, 2021 the Debtors executed an addendum ("Addendum") to the Real Estate Contract reducing the purchase price to $109,500 and agreeing to pay $3200 in closing costs. Copies of the Real Estate Contract and Addendum are attached collectively as Exhibit B and are incorporated by reference. John Orem Sr. and Linda Orem also signed the Real Estate Contract and the Addendum and they signed these documents after the filing of the Debtors' Case. John Orem Sr. and Linda Orem had actual knowledge of the Debtors' Case because, among other things, the mailing address used by John Orem Jr. for the Debtors' Case was the address of John Orem Sr. and Linda Orem. The purpose of the signing of the Addendum was to reduce the purchase price for the benefit of John Orem Sr and Linda Orem and to ensure that there would not be any net proceeds from the sale of the Real Property. The Debtors did not disclose the existence of the Real Estate Contract during the meeting of creditors or thereafter and the Trustee only learned of the existence of the Real Estate Contract and the Addendum due to the call with the title company.

14.    The Trustee also learned during the call with the title company that on July 17, 2021 the Debtors executed a deed ("Post-Petition Deed") conveying the Real

Property to John Orem Sr. and Linda Orem.  A copy of the Post-Petition Deed is attached as Exhibit C and is incorporated by reference.  The Post-Petition Deed was executed two days after the meeting of creditors was held in the Debtors' Case.  The Debtors also executed other closing documents ("Closing Documents") on July 17, 2021 regarding the transfer of the Real Property to John Orem Sr. and Linda Orem. Copies of the Closing Documents that have been obtained by the Trustee are attached collectively as Exhibit D and are incorporated by reference.  Although as of the date of the filing of this Complaint the Post-Petition Deed does not appear to have been recorded with the Pickaway County Recorder's Office, the execution of the Post-Petition Deed was in itself a transfer of the Debtors' interests in the Real Property to John Orem Sr. and Linda Orem and the recording of the Post-Petition Deed could occur at any time.

### III.  COUNT 1 - AVOIDANCE OF THE POST PETITION TRANSFER OF REAL PROPERTY BY THE DEBTORS TO JOHN OREM SR. & LINDA OREM PURSUANT TO 11 USC § 549 (a)(1)

15..  The Trustee restates and reaffirms all prior paragraphs as if fully rewritten.

16.  11 USC § 549(a) provides in relevant part as follows:

(a) Except as provided in subsection (b) or (c) of this section, the trustee may avoid a transfer of property of the estate—
(1) that occurs after the commencement of the case; and
(2)
(A) that is authorized only under section 303(f) or 542(c) of this title; or
(B) that is not authorized under this title or by the court.

17.  The execution of the Post-Petition Deed by the Debtors was a transfer of their interests in the Real Property to John Orem Sr. & Linda Orem even if the Post-Petition Deed has not been recorded at the Pickaway County Recorders

Office.  The Debtors executed to the Post-Petition Deed on July 17, 2021, which

was after the Debtors filed the Debtor's Case.

18.    The Debtors' interests in the Real Property were property of the

Debtors' bankruptcy estate pursuant to the provisions of 11 USC § 541.

19.    The transfer of the Debtors' interests in the Real Property to John

Orem Sr. & Linda Orem was not authorized by the provisions of 11 USC § 303(f)

or 11 USC § 542(c).

20.    The transfer of the Debtors' interests in the Real Property to John

Orem Sr. & Linda Orem was not authorized by any provision of the Bankruptcy

Code or by an order of the Bankruptcy Court in the Debtor's Case.

21.    The Trustee is entitled to the entry of an order pursuant to the

provisions of 11 USC § 549(a)(1) avoiding the transfer of the Debtors' interests in

the Real Property to John Orem Sr. & Linda Orem.

## IV.   COUNT 2 – RECOVERY OF THE AVOIDED TRANSFER OF REAL PROPERTY AND PRESERVATION OF AVOIDED TRANSFER OF REAL PROPERTY FOR THE BENEFIT OF THE BANKRUPTCY ESTATE

22.    The Trustee restates and reaffirms all prior paragraphs as if fully

rewritten.

23.    11 USC § 550 provides in relevant part as follows:

(a) Except as otherwise provided in this section, to the extent that a transfer is avoided under sections 544, 545, 547, 548, 549, 553(b) or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—
(1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or
(2)  any immediate or mediate transferee of such initial transferee.

24.    11 USC § 551 provides as follows:

Any transfer avoided under section 522, 544, 545, 547, 548, 549, or 724(a) of this title, or any lien void under section 506(d) of this title, is preserved for the benefit of the estate but only with respect to property of the estate.

25.     John Orem Sr. & Linda Orem are the initial transferees of the Debtors' interests in the Real Property or are immediate or mediate transferees of the Debtors' interests in the Real Property.

26.     The Trustee is entitled to the entry of an Order pursuant to 11 USC § 550 recovering the Real Property for the benefit of the bankruptcy estate in the Debtor's Case.  The Trustee is also entitled to an Order pursuant to the provisions of 11 USC § 551 preserving the avoided and recovered transfer of the Debtors' interests in the Real Property to John Orem Sr. & Linda Orem for the benefit of the bankruptcy estate in the Debtors' Case.

## V.     COUNT 3 – MONEY JUDGMENT AGAINST JOHN OREM SR. AND LINDA OREM, JOINTLY AND SEVERALLY FOR DAMAGES, COSTS, ATTORNEY FEES, AND PUNITIVE DAMAGES FOR THEIR WILLFULL VIOLATION OF THE AUTOMATIC STAY

27..    The Trustee restates and reaffirms all prior paragraphs as if fully rewritten.

28.     11 USC § 362(a) provides as in relevant part as follows:

 **(a)**Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of—…
**(3)** any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;…

29.     11 USC § 362(c)(1) provides as follows:

**(c)** Except as provided in subsections (d), (e), (f), and (h) of this section—
**(1)** the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate;

30.    11 USC § 362(k)(1) provides as follows:

**(k)**
**(1)** Except as provided in paragraph (2), an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

31.    The execution of the Real Estate Contract and the Addendum by John Orem Sr. and Linda Orem were acts by the Debtors and  John Orem Sr. and Linda Orem collectively and in cooperation and conspiracy with one another for John Orem Sr. and Linda Orem to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate. These acts violated the automatic stay provisions of 11 USC § 362(a) and 11 USC § 362(c).

32.    The execution of the Post-Petition Deed by the Debtors transferring the Real Property to John Orem Sr. and Linda Orem was an act by the Debtors and John Orem Sr. and Linda Orem collectively and in cooperation and conspiracy with one another for John Orem Sr. and Linda Orem to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate. These acts violated the automatic stay provisions of 11 USC § 362(a) and 11 USC § 362(c).

33.    The execution of the Closing Documents by the Debtors was in conjunction with the transfer of the Real Property by the Debtors to John Orem Sr.

and Linda Orem and was an act by the Debtors and John Orem Sr. and Linda
Orem collectively and in cooperation and conspiracy with one another for John
Orem Sr. and Linda Orem to obtain possession of property of the estate or of
property from the estate or to exercise control over property of the estate. These
acts violated the automatic stay provisions of 11 USC § 362(a) and 11 USC §
362(c).

34.     John Orem Sr. and Linda Orem had actual knowledge of the Debtors'
Case at the time the execution of the Real Estate Contract, the Addendum, the
Post-Petition Deed and the Closing Documents because, among other things, the
mailing address used by John Orem Jr. for the Debtors' Case was the address of
John Orem Sr. and Linda Orem.  The actions of the Debtors and John Orem Sr.
and Linda Orem regarding the execution of the Real Estate Contract, the
Addendum, the Post-Petition Deed and the Closing Documents were made
collectively and in cooperation and conspiracy by the Debtors and John Orem Sr.
and Linda Orem and  were willful violations of the automatic stay provisions of 11
USC § 362(a) and (c).

35.     The Trustee is an individual for purposes of 11 USC § 362(k) and
has standing and is entitled to obtain a judgment against John Orem Sr. and Linda
Orem, jointly and severally, for the actual costs and damages of the Trustee and
the bankruptcy estate, including attorney fees, occurring as a result of the willful
violations of the automatic stay by the Debtors and John Orem Sr. and Linda Orem
acting collectively and in cooperation and conspiracy with each other. The Trustee

further has standing and is entitled to an order of the Court granting punitive damages against John Orem Sr .and Linda Orem jointly and severally. The Trustee is further entitled to an order that the money judgment against John Orem Sr. and Linda Orem shall bear interest at the federal judgment rate from the date of the judgment until the date that the judgment has been fully paid.

## VI. COUNT 4 - JUDGMENT AGAINST JOHN OREM SR. AND LINDA OREM FOR THE COSTS OF THIS ADVERSARY PROCEEDING

36.   The Trustee restates and reaffirms all prior paragraphs as if fully rewritten.

37.   The Trustee is entitled to a money judgment against John Orem Sr. and Linda Orem, jointly and severally,  for the court costs associated with the filing of this Adversary Proceeding.

WHEREFORE, the Trustee demands judgment against John Orem Sr. and Linda Orem as follows:

A. Pursuant to Count 1, a judgment against John Orem Sr. and Linda Orem, jointly and severally,  for the avoidance of the transfer of the Debtors' interests in the Real, and

B. Pursuant to Count 2 a judgment against John Orem Sr. and Linda Orem, jointly and severally, recovering the Debtors' interests in the Real Property for the benefit of the bankruptcy estate in the Debtors' Case and preserving the avoided transfer of the Debtors' interests in the Real Property for the benefit of the bankruptcy estate in the Debtors' Case, and

C. Pursuant to Count 3 a money judgment against John Orem Sr. and Linda Orem, jointly and severally, for the actual costs and damages of the Trustee and the bankruptcy estate, including attorney fees, occurring as a result of the willful violations of the automatic stay by the Debtors and John Orem Sr. and Linda Orem collectively and in cooperation and conspiracy with each other, and

D. Pursuant to Count 3 an Order of the Court granting the Trustee punitive damages against John Orem Sr .and Linda Orem jointly and severally, and

E. Pursuant to Count 3  an Order that the money judgment against John Orem Sr. and Linda Orem shall bear interest at the federal judgment rate from the date of the judgment until the date that the judgment has been fully paid, and

F. Pursuant to Count 4 a judgment against John Orem Sr. and Linda Orem for the court costs associated with the filing of this Adversary Proceeding, and

G. For such other relief as may be appropriate or necessary to implement any relief specifically requested by the Trustee.

Respectfully submitted,

*/s/ David M. Whittaker*
David M. Whittaker, Esq.      (0019307)
Isaac Wiles & Burkholder LLC
Two Miranova Place, Suite 700
Columbus, OH 43215
PH: (614) 340-7431
FAX: (614) 365-9516
Email: dwhittaker@isaacwiles.com
*Attorney for David M. Whittaker, Trustee*

APPROVED FOR TRANSFER
PICKAWAY COUNTY ENGINEER
BY _JDP_ DATE 4/22/2011

201100002006
Filed for Record in
PICKAWAY COUNTY, OHIO
JOYCE R. GIFFORD, COUNTY RECORDER
04-22-2011 At 12:50 pm.
DEED                36.00
OR Volume    652 Page 994 - 996

TRANSFERRED NO. _229_
SEC. 319.202 R.C. COMPLIED
WITHIN AMT. _326.70_

APR 22 2011

MELISSA A. BETZ
AUDITOR PICKAWAY COUNTY, OHIO
_MB_ TRANS FEE _50¢_

## GENERAL WARRANTY DEED
## (SURVIVORSHIP)

**Tammy S. Brown, an unmarried woman (Grantor),** for valuable consideration paid, grant(s) with general warranty covenants, to

**John E. Orem, Jr. and Seerina L. Orem, husband and wife, for their joint lives, remainder to the survivor of them, (Grantees),** whose tax mailing address is: c/o First American Real Estate Tax Service, Inc., Attn: Escrow Reporting, Mail code DFW 4-3, 1 First American Way, Westlake, TX 76262.

the following real property:

**Situated in the County of Pickaway, Village of Orient, and State of Ohio:**

**Being a tract of land off of the North side of Lot No. Twenty-Five (25) in the Village of Morgan (now called Orient). Said tract of land fronting fifty (50) feet on Main Street and running back to a public alley two hundred and sixty-four (264) feet.**

Subject to easements, restrictions, conditions of record, real estate taxes and assessments, if any, and zoning laws and legal highways.

And also subject to the following described restrictive covenant:

Grantees, also referred to as Borrower(s), their successors, heirs and assigns for and in consideration of receiving direct subsidy funds from the Federal Home Loan Bank of Cincinnati's Affordable Housing Program, must maintain ownership in this property for a period of five (5) years (Retention Period) from the date of the recording of this deed.

　　(i) The Federal Home Loan Bank of Cincinnati, whose mailing address is P.O. Box 598; Cincinnati, OH 45201-0598, is to be given notice of any sale, refinancing, foreclosure, conveyance by deed in lieu of foreclosure, or change in ownership of the unit occurring prior to the end of the Retention Period.

Mail to:
**James A. Saad LLC
Star Title Agency LLC
229 Huber Village Blvd. #130
Westerville, OH 43081**

Exhibit A

General Warranty Deed
Tammy S. Brown to
John E. Orem, Jr. and
Seerina L. Orem
Page 2

(ii) In the case of a sale or refinancing prior to the end of the Retention Period, an amount equal to a pro rata share of the AHP Subsidy that financed the purchase, construction, or rehabilitation of the unit, reduced for every year the seller owned the unit, shall be repaid to The Federal Home Loan Bank of Cincinnati from any net gain realized upon the sale or refinancing of the unit; unless:

(A) The unit was assisted with a permanent mortgage loan funded by an AHP advance;

(B) The purchaser is a very low- or low- or moderate-income household as defined in the applicable Federal Housing Finance Agency regulations for the AHP (in which case the retention period ends with the conveyance to such purchaser); or

(C) Following a refinancing, the unit continues to be subject to a deed restriction or other legally enforceable retention agreement or mechanism, incorporating the requirements of clauses (i), (ii), and (iii) contained herein.

(iii) The obligation to repay Subsidy to the Bank shall terminate after any foreclosure or conveyance by deed in lieu of foreclosure or any assignment of the first mortgage to the Secretary of HUD.

Parcel Number:    **L29-0-002-00-009-00**

Property Address:    **7922 Third Street, Orient, Ohio 43146**

Prior Instrument Reference:  Official Record Volume **622**, page **118**, Pickaway County, records.

General Warranty Deed
Tammy S. Brown to
John E. Orem, Jr. and
Seerina L. Orem
Page 3

Executed on this 21st day of _April_____, 2011.

_Tammy S Brown_ (signature)

Tammy S. Brown

State of Ohio, County of _Franklin_, ss:

BE IT REMEMBERED, that on this 21st day of _April_, 2011, before me, the subscriber, a notary public in and for said state, personally came Tammy S. Brown, the foregoing deed, and acknowledged the signing thereof to be her voluntary act and deed.

IN TESTIMONY THEREOF, I have hereunto subscribed my name and affixed my notary seal on the day and year last aforesaid.

(Notary Seal)
Veronica Lanning
Notary Public, State of Ohio
My Commission Expires 05-04-2015

_Veronica Lanning_ (signature)
Notary Public
My Commission Expires: _5-4-15_

(Seal)

This instrument prepared by: James A. Saad, Attorney At Law, 229 Huber Village Blvd., Suite 130, Westerville, Ohio 43081. (614) 396-3296

201100002006
JAMES A SAAD LLC
STAR TITLE AGENCY LLC
229 HUBER VILLAGE BLVD #130
WESTERVILLE OH 43081

Premise Address: _____
                                    7922 3rd Street, Orient, OH 43146

**CB COLDWELL BANKER REALTY**

# REAL ESTATE PURCHASE CONTRACT
*It is recommended that all parties be represented by a REALTOR® and an Attorney*

**Date**: _____ 06/13/2021 _____

Upon the following terms, the undersigned Buyer agrees to buy, and the undersigned Seller agrees to sell, through the Broker referred to below, the premises, described as being located in the State of Ohio, County of ___Pickaway County___ , Tax parcel no(s) _____L27-0-100-02-009-00_____ and further described as:
_____7922 3rd Street, Orient, OH 43146_____

1. **Purchase price** shall be $ _____120,000_____    One Hundred Twenty Thousand Dollars

    1.1 **Additional Terms and Conditions:**

2. **Attorney Approval Clause**

The Buyer or Seller may terminate this contract if the party's attorney disapproves this contract, by providing written notice of said disapproval, along with changes proposed by that party's attorney to remedy the disapproval, within _____ calendar days after acceptance hereof, (this provision is not applicable if number of days is not inserted). If the other party accepts the proposed changes in writing within three (3) calendar days after delivery thereof, this contract shall continue in full force and effect, as amended by the changes. The party requesting the changes may waive the request in writing prior to the expiration of the three (3) calendar-days period. If the contract is terminated, the earnest money deposit shall be returned to the Buyer pursuant to paragraph 12.

3. **Financing: (Buyer shall select and initial one of the following)**

    3.1 [    ] Buyer will pay the purchase price in cash at closing. Paragraph 3.2 does not apply to this contract. Buyer shall deliver to the Seller or Seller's Broker, within _____ calendar days (if left blank, number of calendar days shall be 5) after the date of acceptance of this contract, one of the following: a letter from a financial institution, current bank statement, or other evidence reasonably satisfactory to Seller that sufficient funds are available to complete this transaction. If the Buyer does not deliver such evidence within the stated time period, Seller may terminate this contract pursuant to paragraph 3.3 **OR**

    3.2 [initials] This contract is contingent upon Buyer obtaining financing for the purchase of the property, subject to provisions set forth in this paragraph 3.2.

        **3.2(a) Lender Pre-Qualification:**
        Buyer [initials] (insert initials here) has delivered **OR** [            ] (insert initials here) shall deliver within _____ calendar days (if left blank, the number calendar days shall be 2) after date of acceptance, to Seller or Seller's Broker a lender's pre-qualification letter stating that the Buyer's credit report has been reviewed, and that Buyer is prequalified to obtain a loan sufficient to finance the purchase of the property. If the Buyer does not deliver the pre-qualification letter within the stated time period, Seller may terminate this contract pursuant to paragraph 3.3.

©2021 NRT Columbus LLC. All Rights Reserved. Coldwell Banker Realty fully supports the principles of the Fair Housing Act and the Equal Opportunity Act. Operated by a subsidiary of NRT LLC. Coldwell Banker and the Coldwell Banker Logo are registered service marks owned by Coldwell Banker Real Estate LLC. Real estate agents affiliated with Coldwell Banker Realty are independent contractor sales associates and are not employees of Coldwell Banker Realty.                                                                                                                                    REV01.2021

Exhibit B

dotloop signature verification:
Case 2:21-bk-51802    Doc 39    Filed 08/30/21    Entered 08/30/21 14:04:10    Desc Main
Document      Page 17 of 54

2 of 14

Premise Address: _____ 7922 3rd Street, Orient, OH 43146 _____

**3.2(b) Loan Application:**

(i) Within ____3____ calendar days, (if left blank, the number of calendar days shall be 7) after the date of acceptance of this contract, Buyer shall:

    a) make formal application for a (write in type of loan: Conventional, FHA, VA, USDA) _____
    _____ Conventional _____ loan,
    b) inform the Seller or Seller's Broker in writing of the identity of the lender, and
    c) notify the lender of the Buyer's intent to proceed pursuant to applicable federal regulations.

If the Buyer does not inform the Seller or Seller's Broker in writing of the identity of the lender within the stated time period, Seller may terminate this contract pursuant to paragraph 3.3.

**(ii)** The Buyer shall provide information and documentation, and otherwise comply with all reasonable requests made by the lender and title insurance agent during the mortgage loan application and approval process. If, at any time, the lender notifies the Buyer in writing that it will not be able to provide financing upon the terms and conditions stated in the loan application, the Buyer may terminate this contract by delivering a copy of the lender's written notification to the Seller or Seller's Broker within 3 calendar days following Buyer's receipt thereof. Upon delivery, the earnest money deposit shall be returned to the Buyer pursuant to paragraph 12. **Failure of the Buyer to deliver the lender's written notification within 3 calendar days following Buyer's receipt thereof constitutes a waiver of Buyer's right to terminate the contract due to the Buyer's failure to obtain financing.**

**3.2(c) Loan Commitment:**

The Seller's obligations are contingent upon the Buyer obtaining and delivering to the Seller or Seller's Broker a loan commitment within ____25____ calendar days, (this subsection 3.2(c) is not applicable if number of days not inserted), after acceptance of this contract. This time period shall be known as the Loan Commitment Period. Buyer shall use good faith and reasonable efforts to obtain the loan commitment. The loan commitment shall state that the lender will provide financing for the purchase of the property, subject to conditions and qualifications imposed at the lender's discretion.

If, at the expiration of the Loan Commitment Period, the Buyer has not delivered the loan commitment to the Seller or Seller's Broker, the Seller may terminate this contract pursuant to paragraph 3.3.

**3.2(d) Appraisal Contingency:**

If the property is appraised or otherwise valued for loan purposes for less than the purchase price stated herein, the Buyer shall have the right to terminate this contract by written notice to the Seller or Seller's Broker delivered within 5 calendar days after Buyer receives a copy of the appraisal or other documentation evidencing the lender's determination of value. The notice shall be signed by the Buyer and accompanied with the appraisal or other documentation evidencing the lender's determination of value. Upon delivery, the earnest money deposit shall be returned to the Buyer pursuant to paragraph 12. **Failure of the Buyer to deliver the written notice of low appraised value within *5* calendar days following Buyer's receipt thereof constitutes a waiver of Buyer's right to terminate pursuant to this provision.**

**3.3 Demand for Financing Evidence:**

If Seller does not receive Buyer's written notice or documents as required in paragraphs 3.1, 3.2(a), 3.2(b)(i), or 3.2(c) (the "Financing Evidence"), the Seller may, at any time until 7 calendar days before the closing date set forth in paragraph 15.1, notify the Buyer or Buyer's Broker in writing that Seller has not received the required Financing Evidence, and specify which type of Financing Evidence is overdue (a "Demand for Financing

©2021 NRT Columbus LLC. All Rights Reserved. Coldwell Banker Realty fully supports the principles of the Fair Housing Act and the Equal Opportunity Act. Operated by a subsidiary of NRT LLC. Coldwell Banker and the Coldwell Banker Logo are registered service marks owned by Coldwell Banker Real Estate LLC. Real estate agents affiliated with Coldwell Banker Realty are independent contractor sales associates and are not employees of Coldwell Banker Realty.
REV01.2021

Premise Address: _____ 3 of 14
7922 3rd Street, Orient, OH 43146

Evidence"). If Seller receives the required Financing Evidence within 3 calendar days after delivery of Seller's Demand for Financing Evidence, the parties shall proceed with the transaction. If Seller does not receive the required Financing Evidence within 3 calendar days after delivery of the Demand for Financing Evidence, Seller may, at any time thereafter until the Financing Evidence has been received, terminate this contract by delivering written notice of termination to the Buyer or Buyer's Broker, at which time the Earnest Money Deposit shall be released to the Buyer. Seller's election to terminate pursuant to this paragraph 3.3 is Seller's sole legal remedy for Buyer's failure to deliver the Financing Evidence, acts as a bar to any additional legal or equitable claims that Seller may have against the Buyer, and constitutes Seller's consent to the release of the Earnest Money Deposit. **Failure of the Seller to timely deliver the written Demand for Financing Evidence constitutes a waiver of Seller's right to terminate pursuant to this provision.**

## 4. Taxes and Assessments:

**4.1 The real estate taxes for the premises for the current year may change as a result of the transfer of the premises or as a result of a change in the tax rate and valuation. Buyer and Seller understand that real estate valuations may be subject to retroactive change by governmental authority.**
Seller shall pay or credit at closing:
(a) all delinquent taxes, including penalty and interest;
(b) all assessments which are a lien on the premises as of the date of the contract;
(c) all agricultural use tax recoupments for years prior to the year of closing;
(d) all other unpaid real estate taxes and community development charges imposed pursuant to Chapter 349 of the Ohio Revised Code which are a lien for years prior to closing; and (e) a portion of such taxes and community development charges for the year of closing shall be prorated through the date of closing based on a 365-day year. The proration shall be based upon the most recent available tax rates, assessments and valuations as reflected in the current tax duplicate certified by the County Treasurer. Seller and Buyer acknowledge that actual bills received by Buyer after closing for real estate taxes and assessments may differ from the amounts prorated at closing. In any event, all prorations agreed to by the parties at closing shall be final.

These adjustments shall be final, except for the following: _____
_____
(none if nothing inserted).

**4.2** The community development charge, if any, applicable to the premises was created by a covenant in an instrument recorded at _____ (insert county), Vol._____ Page number _____ or Instrument number _____. (Note: If the foregoing blanks are not filled in and a community development charge affects the premises, this contract may not be enforceable by the Seller or binding upon the Buyer pursuant to Section 349.07 of the Ohio Revised Code).

**4.3** Seller warrants that no improvements or services (site or area) have been installed or furnished, nor notification received from public authority or owner's association of future improvements or which any part of the costs may be assessed against the premises, except the following: (none if nothing inserted)

©2021 NRT Columbus LLC. All Rights Reserved. Coldwell Banker Realty fully supports the principles of the Fair Housing Act and the Equal Opportunity Act. Operated by a subsidiary of NRT LLC. Coldwell Banker and the Coldwell Banker Logo are registered service marks owned by Coldwell Banker Real Estate LLC. Real estate agents affiliated with Coldwell Banker Realty are independent contractor sales associates and are not employees of Coldwell Banker Realty.
REV01.2021

Premise Address: _____ 7922 3rd Street, Orient, OH 43146 _____

## 5. Fixtures and Equipment:

**5.1** The consideration shall include all fixtures owned by the seller, including but not limited to:

- All light fixtures
- All exterior plants, trees, landscaping lights and controls
- Attached floor coverings
- Attached media brackets (excluding televisions and other audio/visual components attached to such brackets)
- Attached mirrors
- Attached wall to wall carpeting
- Bathroom, lavatory and kitchen fixtures
- Built in appliances
- Central vacuum systems and attachments.

- Curtain rods and window coverings (excluding draperies and curtains)
- Fences, including subsurface electric fences and components.
- Fire, smoke and security systems and controls
- Fireplace inserts, logs, grates, doors and screens
- Garage door openers and controls
- Heating and central air conditioning
- Water heater
- Humidifying equipment and their control apparatuses
- Mailboxes and permanently affixed flagpoles

- Outside cooking units, if attached to the premises
- Pumps
- Roof antenna
- Smoke and carbon monoxide detectors
- Stationary tubs
- Storm and screen doors and windows, awnings, blinds and window air conditioners, whether now in or on the premises or in storage
- TV Antennas/Satellite reception system and components (excluding televisions and other audio/visual components)
- Water conditioning systems

And including the following:

All kitchen appliances (Refrigerator, Dishwasher, Oven/Range, Microwave) that are currently present.

**5.2** The following shall be excluded: (none if nothing inserted)

**5.3** The following leased items shall be excluded: (none if nothing inserted)

## 6. Inspections and Tests:

**6.1** The Broker strongly recommends that the Buyer conduct inspections and/or tests. The Broker further recommends that inspections and tests be performed by a home inspector duly licensed by the State of Ohio, or, with respect to specific components or conditions, be performed by a qualified person who is exempt from home inspector licensure requirements pursuant to Ohio Revised Code section 4764.03. The Buyer and the Seller understand and agree that the Broker neither warrants nor assumes responsibility for the physical condition of the premises.

**IT IS NOT THE INTENTION OF THIS PROVISION TO PERMIT THE BUYER TO TERMINATE THIS AGREEMENT FOR COSMETIC OR NON-MATERIAL CONDITIONS.**

©2021 NRT Columbus LLC. All Rights Reserved. Coldwell Banker Realty fully supports the principles of the Fair Housing Act and the Equal Opportunity Act. Operated by a subsidiary of NRT LLC. Coldwell Banker and the Coldwell Banker Logo are registered service marks owned by Coldwell Banker Real Estate LLC. Real estate agents affiliated with Coldwell Banker Realty are independent contractor sales associates and are not employees of Coldwell Banker Realty.
REV01.2021

Premise Address: _____ 7922 3rd Street, Orient, OH 43146 _____

Buyer shall be responsible for the repair of any damages caused by the Buyer's inspections and tests; repairs shall be completed in a timely and workmanlike manner at Buyer's expense.

**6.2** Seller shall cooperate in making the premises reasonably available for inspections and/or tests.

**6.3 Specified Inspection Period:** Buyer shall have _____ n/a _____ (not applicable if the number of calendar days is not inserted) calendar days after the date of acceptance of the contract by both parties to have inspections, environmental inspections, and/or tests completed. This time period shall be known as the Specified Inspection Period. The number of calendar days for the Specified Inspection Period is a specific time frame agreed upon by the Seller and the Buyer. The number of calendar days cannot be modified or waived except by a written agreement signed by both parties.

All requests to remedy shall be submitted to the Seller or Seller's Broker within the Specified Inspection Period. Time is of the essence in completing any of the inspections, tests, and/or reports.

**The Buyer, at Buyer's expense, shall have the right and is strongly encouraged to have any and all inspections, tests, and/or reports conducted, including but not limited to the following:**

  a)  Inspection of the premises and all improvements, fixtures, and equipment;
  b)  Inspection or testing for radon;
  c)  Inspection or testing for mold, and any other environmental test;
  d)  Inspection or testing for lead-based paint;
  e)  A pest inspection for termite and wood destroying insects with a report provided on a FHA/VA approved
  f)  form by a licensed Ohio Certified Pest (Termite) Control Applicator;
  g)  Inspection of the gas lines on the premises;
  h)  Inspection of the waste treatment systems and/or well systems by a local health authority or state EPA approved laboratory of the Buyer's choice;
  i)  Determination of the need for and cost of federal flood insurance;
  j)  Confirmation of the insurability of the premises with an insurance company of the Buyer's choice.

With respect to housing constructed prior to January 1, 1978, the Buyer must be provided with the pamphlet entitled "Protect Your Family from Lead in Your Home" and the "Lead-Based Paint and Lead-Based Hazard Disclosure Form." Every Buyer of any interest in residential real property on which a residential dwelling was built prior to 1978 is notified that such property may present exposure to lead from lead-based paint that may place young children at risk of developing lead poisoning.

Lead poisoning in young children may produce permanent neurological damage including learning disability, reduced intelligence quotient, behavioral problems, and impaired memory. Lead poisoning also poses a particular risk to pregnant women. The Seller of any interest in residential real property is required to provide the Buyer with any information on lead-based paint hazards from risk assessments or inspections in the Seller's possession and notify the Buyer of any known lead-based paint hazards. A risk assessment or inspection for possible lead-based paint hazards is recommended prior to purchase.

**6.4** If the Buyer **is not**, in good faith, satisfied with the condition of the premises as disclosed by the Buyer's inspections, tests, and/or reports provided for in paragraph 6.3 then the Buyer may elect to proceed under one of the following provisions, 6.4(a) or 6.4(b):

**6.4(a) Agreement to Remedy Period:** On or before the end of the Specified Inspection Period, the Buyer shall deliver to the Seller or the Seller's Broker a written request to remedy, signed by the Buyer, stating the unsatisfactory conditions, along with a written copy of the inspections, tests, and/or reports, specifying the unsatisfactory conditions.

©2021 NRT Columbus LLC. All Rights Reserved. Coldwell Banker Realty fully supports the principles of the Fair Housing Act and the Equal Opportunity Act. Operated by a subsidiary of NRT LLC. Coldwell Banker and the Coldwell Banker Logo are registered service marks owned by Coldwell Banker Real Estate LLC. Real estate agents affiliated with Coldwell Banker Realty are independent contractor sales associates and are not employees of Coldwell Banker Realty.
REV01:2021

dotloop signature verification

Premise Address: _____
7922 3rd Street, Orient, OH 43146

The Buyer and Seller shall have _____n/a_____ calendar days (not applicable if the number of calendar days is not inserted), **after the end of the Specified Inspection Period**, to reach a written agreement regarding remedying the unsatisfactory conditions. This time period shall be known as the Agreement to Remedy Period. The number of calendar days for the Agreement to Remedy Period is a specific time frame agreed upon by the Seller and the Buyer. The number of calendar days cannot be modified or waived except by a written agreement signed by both parties. In the event the Buyer and Seller do **not** reach a written agreement regarding remedying the unsatisfactory conditions within the Agreement to Remedy Period, and the Buyer and Seller have **not** executed a written extension of the Agreement to Remedy Period, this contract shall terminate. Upon termination of the contract under this provision, the earnest money deposit shall be returned to the Buyer pursuant to paragraph 12.

> **OR**

Prior to the end of the Agreement to Remedy Period, the Buyer can, in writing, waive such request to remedy and proceed with the contract.

The commencement of the Agreement to Remedy Period does not obligate the Seller to reach an agreement with the Buyer.

The delivery by the Buyer of a written request to remedy any unsatisfactory conditions does not preclude the Buyer from later delivering a notice of termination as contemplated by paragraph 6.4(b) below during the Agreement to Remedy Period, unless the Buyer and Seller have reached a signed agreement regarding the Buyer's written request to remedy.

> **OR**

**6.4(b) Notice of Termination:** Within the Specified Inspection Period or as provided in paragraph 6.4(a), the Buyer may terminate this contract by delivering written notice of termination to the Seller or Seller's Broker, along with a written copy of the inspections, tests, and/or reports, specifying the unsatisfactory conditions. Upon termination, the earnest money deposit shall be returned to the Buyer pursuant to paragraph 12.

**FAILURE OF THE BUYER TO DELIVER WRITTEN NOTICE PURSUANT TO PARAGRAPHS 6.4(a) OR 6.4(b) CONSTITUTES ACCEPTANCE OF THE CONDITION OF THE PREMISES AND SHALL BE A WAIVER OF THE BUYER'S RIGHT TO TERMINATE PURSUANT TO THIS PROVISION.**

**6.5 Condominium or Homeowners' Association Document Provisions**

**6.5(a)** If the premises is a condominium unit governed by a Condominium Association, or is located within a community governed by a Homeowners' Association, Seller shall provide Buyer with the following information and documents within 5 calendar days after the date of acceptance of the contract by both parties:

- Condominium Declaration and/or Deed Restrictions, and Bylaws of the owners' association (condominium or homeowners'), including all amendments to the Declaration or Deed Restrictions except amendments that only increase the number of units or homes subject to the Declaration or Deed Restrictions;
- Condominium Board/Management Company Contact: Name, phone number, email;
- Contact information for any other mandatory membership association if applicable: Name, phone number, email;
- A statement from the association regarding this home/unit, confirming when the next (assessment) payment is due, the amount of such payment, the amount of any pending special assessment(s), and that the account is current;
- Association Initiation Fee, Reserve Contribution, and Association Transfer Fee;

©2021 NRT Columbus LLC. All Rights Reserved. Coldwell Banker Realty fully supports the principles of the Fair Housing Act and the Equal Opportunity Act. Operated by a subsidiary of NRT LLC. Coldwell Banker and the Coldwell Banker Logo are registered service marks owned by Coldwell Banker Real Estate LLC. Real estate agents affiliated with Coldwell Banker Realty are independent contractor sales associates and are not employees of Coldwell Banker Realty.
REV01.2021

Premise Address: _____
7922 3rd Street, Orient, OH 43146

- Minutes from the last 3 meetings of the directors or trustees of the owners' association;
- Minutes from the last meeting of members of the owners' association;
- Most recent version of unrecorded Rules and Regulations;
- Current Financial Statement showing the nature of the association's assets, including:
    1. Most current balance sheets, income and expense statements, and budget; and
    2. Copy of the most recent reserve study.

**6.5(b) Review Period:** Buyer's obligations are contingent upon satisfactory review of the documents provided pursuant to paragraph 6.5(a). Buyer shall have 5 calendar days after receipt of the last delivered documents, or 10 calendar days after the date of acceptance of the contract by both parties, whichever shall first occur, in which to review the documents. If Buyer is not provided some or all of the requested documents or is not satisfied with any of the requested documents within the stated time period for Buyer review, Buyer, as Buyer's sole remedy, may deliver a written notice of termination to Seller, and the earnest money shall be returned to Buyer pursuant to paragraph 12. **Buyer's failure to deliver the written notice of termination within 5 calendar days following Buyer's receipt of the requested documents, or 10 calendar days after the acceptance of the contract by both parties, whichever shall first occur, constitutes a waiver of Buyer's right to terminate pursuant to this provision.** This provision does not limit Buyer's right to object to matters set forth on the title commitment pursuant to paragraph 9.3 herein.

## 7. Warranties:

**7.1 Home Warranty or Protection Plan:** The Seller, at a cost not to exceed $ _____n/a_____ plus applicable sales tax (not applicable if nothing is inserted), shall provide a home warranty or protection plan from Coldwell Banker Home Protection Plan administered by American Home Shield Corporation. The Broker may receive compensation for services rendered in connection with the sale of the home warranty or protection plan.

## 8. Deed:

**8.1** The Seller shall convey to the Buyer marketable title in fee simple by transferable and recordable general warranty deed, with release of dower, if any, or fiduciary deed, as appropriate, free and clear of all liens and encumbrances not excepted by this contract, and except the following:
   a) those created by or assumed by the Buyer;
   b) those specifically set forth in this contract;
   c) zoning ordinances;
   d) legal highways;
   e) covenants, restrictions, conditions and easements of record that do not unreasonably interfere with present lawful use; and
   f) all coal, oil, gas and other mineral rights and interests previously transferred or reserved of record.

**8.2** Seller has not transferred, conveyed, or reserved, nor does Seller have any knowledge of any prior transfers, conveyances or reservations of any coal, oil, gas, or other mineral rights or interests in the premises, except for the following (none if nothing inserted):

## 9. Title Insurance:

**9.1** The Seller shall furnish and pay for an ALTA Homeowner's Commitment and Policy of Title Insurance (latest revision) in the amount of the purchase price with a copy of the subdivision or condominium plat.

In the event that an ALTA Homeowner's Policy is not applicable for issuance on the premises, the Seller shall furnish and pay for an ALTA Owner's Commitment and Policy of Title Insurance (latest revision) with a copy of the subdivision or condominium plat.

©2021 NRT Columbus LLC. All Rights Reserved. Coldwell Banker Realty fully supports the principles of the Fair Housing Act and the Equal Opportunity Act. Operated by a subsidiary of NRT LLC. Coldwell Banker and the Coldwell Banker Logo are registered service marks owned by Coldwell Banker Real Estate LLC. Real estate agents affiliated with Coldwell Banker Realty are independent contractor sales associates and are not employees of Coldwell Banker Realty.
REV01.2021

Premise Address: _____ 7922 3rd Street, Orient, OH 43146 _____

Seller shall provide the base policy coverage for the applicable ALTA policy. Buyer is responsible for the cost of any coverage that requires additional premium for endorsements or the deletion of any standard exceptions.

The title evidence shall be certified to within thirty (30) calendar days prior to closing with endorsement as of 8:00 AM on the business day prior to the date of closing, all in accordance with the standards of the Columbus Bar Association, and shall show in Seller marketable title, in fee simple, free and clear of all liens and encumbrances, subject to all matters listed in Paragraph 8.1.

**9.2** Seller shall deliver, or cause to be delivered, to Buyer or Buyer's Broker, a copy of the Commitment referenced in Paragraph 9.1 above no later than fifteen (15) calendar days prior to the date of closing pursuant to this agreement. If the Seller does not deliver the Commitment within the stated time period, Buyer may, by delivering written notice to Seller or Seller's Broker, either terminate this contract, or extend the date of closing to the tenth day following Seller's delivery of the Commitment. Upon termination pursuant to this provision, the earnest money deposit shall be returned to the Buyer pursuant to paragraph 12.

**9.3** Buyer may object if the Commitment indicates that title to all or part of the premises is unmarketable, as determined by Ohio law with reference to the Ohio State Bar Association's Standards of Title Examination, or if Buyer, in good faith, objects to liens, encumbrances, easements, conditions, restrictions, conveyances or encroachments that are disclosed in, or excepted by, the Commitment, including, without limitation, all matters listed in Paragraph 8.1(c) through 8.1(f) Buyer must notify the Seller or Seller's Broker in writing of the objection by the earlier of: (i) the Closing date, or (ii) ten (10) calendar days after Buyer receives the Commitment. Upon receipt of Buyer's written notice of an objection permitted herein, the Seller shall, within thirty (30) calendar days, remedy or remove any such defect, lien, encumbrance, easement, condition, restriction or encroachment, or obtain title insurance without exception therefor. The date of closing shall be extended to the extent necessary to accommodate Seller's efforts to remedy or remove items subject to the objection. Failure of the Seller to cure the Buyer's objection shall result in termination of this contract.

Seller is not obligated to incur any expense in curing Buyer's objection. In the event that the cure of an objection will subject the Seller to additional expense, Seller shall have the option to either cure the objection at Seller's expense or to terminate the Contract by delivering a written Notice of Termination to the Buyer or Buyer's Broker. Upon termination, the earnest money deposit shall be returned to the Buyer pursuant to paragraph 12. Buyer's failure to object as permitted herein constitutes a waiver of Buyer's right to object.

**9.4** If required by the Buyer's lender, the Buyer shall pay any expense incurred in connection with the mortgagee title insurance issued for the protection of the Buyer's lender. If the Buyer or Buyer's lender desires a current survey, the Buyer shall furnish and pay for such survey.

**9.5** At closing, the Seller shall sign and deliver to Buyer and title insurer an affidavit with respect to off record title matters in accordance with the community custom.

**10. Utility Charges, Condominium Charges, Interest, Rentals, and Security Deposits:**
**10.1** Through the date of possession, the Seller shall pay all accrued utility charges and any other charges that are or may become a lien on the premises.

**10.2** Adjustments shall be made through the date of closing for (a) rentals, (b) interest on any mortgage assumed by the Buyer, and (c) condominium or other association periodic charges.

**10.3** Security deposits shall be transferred to the Buyer.

©2021 NRT Columbus LLC. All Rights Reserved. Coldwell Banker Realty fully supports the principles of the Fair Housing Act and the Equal Opportunity Act. Operated by a subsidiary of NRT LLC. Coldwell Banker and the Coldwell Banker Logo are registered service marks owned by Coldwell Banker Real Estate LLC. Real estate agents affiliated with Coldwell Banker Realty are independent contractor sales associates and are not employees of Coldwell Banker Realty.
REV01.2021

dotloop signature verification Case 2:21-bk-51802    Doc 39    Filed 08/30/21    Entered 08/30/21 14:04:10    Desc Main
Document    Page 24 of 54

9 of 14

Premise Address: _____ 7922 3rd Street, Orient, OH 43146 _____

**10.4** At closings for condominium properties or properties subject to a homeowners' association, Buyers shall pay all initial reserves and/or capital contributions that are charged by any owner's association (condominium or otherwise), or civic association in connection with the sale or transfer of the premises, as well as any fee associated with lender-required document costs. Seller shall pay all other fees that are charged in connection with the sale or transfer of the premises, including without limitation all transfer, processing, expediting, delivery, statement or management company fees.

## 11. Damage or Destruction of Premises:
**NOTE: IT IS STRONGLY RECOMMENDED THAT, UPON DISCOVERY OF DAMAGE OR DESTRUCTION OF PREMISES, THE PARTIES RETAIN LEGAL COUNSEL.**

**11.1** Risk of loss to the premises and appurtenances occurring prior to closing shall be borne by the Seller.

**11.2** If any part of the premises covered by this contract shall be substantially damaged or destroyed from the date of written acceptance of this contract through the date and time of closing, the Seller shall give a written notice to the Buyer and/or Buyer's Broker that the damage or destruction has occurred. Such notice must include all pertinent information regarding insurance policies and claims covering the premises that has been damaged or destroyed, including the amount of any applicable policy deduction. The written notice shall be delivered within two (2) calendar days from the date of the discovery of the damage or destruction. Upon receipt of such notice, the Buyer may:
   a) agree to extend the closing date to the extent reasonably necessary to allow Seller to restore the premises to its previous condition;
   b) accept the premises in its damaged condition with an assignment of insurance proceeds, if any are available; or
   c) terminate the contract by giving written notice to Seller and/or Seller's Broker. Upon termination the earnest money deposit, including any non-refundable deposits shall be returned to the Buyer pursuant to paragraph 12.

**11.3** Failure by the Buyer to notify the Seller and/or Seller's Broker in writing within the ten (10) calendar days from receipt of the notice of damage or destruction that Buyer is electing to proceed pursuant to paragraphs 11.2(a) or (b) shall constitute an election by the Buyer to terminate the contract pursuant to paragraph 11.2(c)

**11.4** Failure by the Seller to provide the required written notice to the Buyer and/or Buyer's Broker shall result in the Buyer, upon discovery of the damage or destruction, having all rights set forth in paragraph 11.2.

**11.5** If Buyer discovers the damage or destruction after closing, Buyer shall have the right to pursue all legal remedies.

## 12. Earnest Money Deposit:

**12.1** The Buyer shall make an Earnest Money Deposit in the amount of $ _____ (Paragraph 12 is not applicable if no amount inserted).

**12.1(a)** The Earnest Money shall be deposited (Buyer shall select and initial one of the following):

[   |   ] _____ with the Buyer's Broker not later than three (3) calendar days after acceptance of this contract by both parties in writing.

**OR**

[   |   ] _____ with the Buyer's Broker not later than three (3) calendar days after the expiration of the Agreement to Remedy Period as set forth in paragraph 6.4, provided this Contract has not otherwise been terminated.

©2021 NRT Columbus LLC. All Rights Reserved. Coldwell Banker Realty fully supports the principles of the Fair Housing Act and the Equal Opportunity Act. Operated by a subsidiary of NRT LLC. Coldwell Banker and the Coldwell Banker Logo are registered service marks owned by Coldwell Banker Real Estate LLC. Real estate agents affiliated with Coldwell Banker Realty are independent contractor sales associates and are not employees of Coldwell Banker Realty.
REV01.2021

dotloop signature verification Case 2:21-bk-51802    Doc 39    Filed 08/30/21    Entered 08/30/21 14:04:10    Desc Main
Document    Page 25 of 54

10 of 14

Premise Address: _____ 7922 3rd Street, Orient, OH 43146 _____

**12.1(b)** Within 3 calendar days of the receipt of the earnest money, the Buyer or Buyer's Broker shall notify the Seller or Seller's Broker in writing that Buyer has made the earnest money deposit (the "Deposit Notice").

**12.1(c)** If Seller or Seller's Broker does not receive the Deposit Notice within 3 calendar days following the date set forth in paragraph 12.1(a) for deposit of the Earnest Money, Seller may, at any time until Seller or Seller's Broker has received the Deposit Notice, notify Buyer or Buyer's Broker in writing that Seller has not received the Deposit Notice (a "Deposit Notice Demand"). If Seller receives the Deposit Notice within 3 calendar days after the delivery of Seller's Deposit Notice Demand, the parties shall proceed with the transaction. If Seller does not receive the Deposit Notice within 3 calendar days after delivery of the Deposit Notice Demand, Buyer will be in breach of this contract and Seller may, at any time thereafter until the Deposit Notice has been delivered, terminate this contract by delivering written notice of termination to the Buyer.

**12.2** Upon receipt of the earnest money by the Broker, the earnest money shall be deposited in the Broker's trust account.

---

### Earnest Money Deposit Receipt

Broker acknowledges receipt of the Earnest Money Deposit set forth in Paragraph 12.1 by cash or check (check# _____ ), which shall be held, deposited and disbursed pursuant to paragraph 12.

Brokerage _____ Coldwell Banker Realty _____ , By _____

---

**12.3** If any written contingency is not satisfied or waived, or if the Seller fails or refuses to perform or if the Buyer rescinds this contract pursuant to paragraph 11.2, all earnest money deposited hereunder shall be returned to the Buyer. If the Buyer fails or refuses to perform, the earnest money deposited hereunder shall be paid to the Seller. In any event, except as provided in paragraph 3.3, and subject to collection by the Broker's depository, all earnest money deposited hereunder are to be disbursed as follows:

a) When the transaction closes the earnest money will be applied as a credit to the purchase price **(it is understood by all parties there will be no check issued at closing from Broker's trust account. The earnest money will be applied as a credit to the purchase price)**; or

b) The parties provide the Broker with written instructions that both parties have signed that specify how the Broker is to disburse the earnest money deposited hereunder and the Broker acts pursuant to those instructions; or

c) The Broker receives a copy of a final court order that specifies to whom all earnest money deposited hereunder is to be awarded and the Broker acts pursuant to the court order; or

d) All earnest money deposited hereunder becomes unclaimed funds as defined in division (M)(2) of section 169.02 of the Revised Code, and, after providing the notice that division (D) of section 169.03 of the Revised Code requires, the Broker has reported the unclaimed funds to the director of commerce pursuant to section 169.03 of the Revised Code and has remitted all of the earnest money to the director; or

e) In the event of a dispute between the Seller and Buyer regarding the disbursement of any earnest money deposited hereunder, the Broker is required by Ohio law to maintain such funds in his trust account until the Broker receives (1) written instructions signed by the parties specifying how the earnest money is to be disbursed or (2) a final court order that specifies to whom the earnest money is to be awarded. If within two years from the date the earnest money was deposited in the Broker's trust account, the parties have not provided the Broker with such signed instructions or written notice that such legal action to resolve the dispute has been filed, the Broker shall return the earnest money to the Buyer with no further notice to the Seller.

©2021 NRT Columbus LLC. All Rights Reserved. Coldwell Banker Realty fully supports the principles of the Fair Housing Act and the Equal Opportunity Act. Operated by a subsidiary of NRT LLC. Coldwell Banker and the Coldwell Banker Logo are registered service marks owned by Coldwell Banker Real Estate LLC. Real estate agents affiliated with Coldwell Banker Realty are independent contractor sales associates and are not employees of Coldwell Banker Realty.
REV01:2021

dotloop.signature.verification:

Premise Address: _____ 7922 3rd Street, Orient, OH 43146 _____

**12.4** Except as provided in paragraph 3.3, the return or payment of the earnest money deposit hereunder shall in no way prejudice the rights of the Seller, Buyer, or Broker in any action for damages or specific performance.

**13. Additional Provisions:**

**13.1** This contract constitutes the entire agreement and there are no representations, oral or written, which have not been incorporated herein. Any amendment to this Contract shall be made in writing signed by the Buyer and Seller. All notices given in connection with this contract shall be made in writing signed by the party giving such notice.

**13.2** Time is of the essence regarding all provisions of this contract. Whether or not so stated elsewhere in this contract, no deadline or time period under this contract can be modified or waived except by written agreement signed by both parties. Repetition of this provision in any given paragraph of this contract is intended for emphasis only, and shall not reduce the effect of this paragraph as to any other provision of this contract.

**13.3** All representations, covenants, and warranties of the parties contained in this contract shall survive the closing.

**13.4 Term Definition:** The term "Broker" shall include, without limitation, Broker and/or Broker's agents and shall include collectively, except where the context clearly indicates otherwise, both the Seller's Broker and the Buyer's Broker, if different. The term "day(s)" means calendar day(s). All references to dates and times refer to Columbus, Ohio time.

**13.5 Signatures:** Only manual or electronic signatures on contract documents, transmitted in original or facsimile (which includes photocopies, faxes, PDF, and scanned documents sent by any method) shall be valid for purposes of this contract and any amendments or any notices to be delivered in connection with this contract. For the purposes of this provision, "contract documents" do not include voice mail, email messages, or text messages.

**13.6 Date of Acceptance**: The date of acceptance of this Contract, counter offers, amendments or modifications thereto shall be when the final writing signed by the parties is delivered to the offering party. Notices delivered in connection with this contract shall be effective upon delivery. Delivery of all such documents shall be made by fax, email, text, or hand delivery.

**(NOTE: It is strongly recommended that the delivering party verify that delivery has been received by the other party.)**

**13.7 Foreign Investments in Real Property Tax Act ("FIRPTA").** If Seller is a "foreign person" as defined by FIRPTA, Section 1445 of the Internal Revenue Code requires Buyer to withhold 15% of the amount realized by Seller on the transfer and remit the withheld amount to the Internal Revenue Service (IRS) unless an exemption or reduced rate of withholding applies. If withholding is required, Treasury Regulations require Sellers and Buyers to provide their U.S federal tax identification number on all filings. Seller and Buyer agree to execute and deliver any document reasonably necessary to comply with FIRPTA requirements.

**NOTE: Buyer and Seller are advised to determine whether Seller is a "foreign person" as defined by FIRPTA as soon as possible.**

**13.8** This contract shall be binding upon the parties, their heirs, executors and assigns.

©2021 NRT Columbus LLC. All Rights Reserved. Coldwell Banker Realty fully supports the principles of the Fair Housing Act and the Equal Opportunity Act. Operated by a subsidiary of NRT LLC. Coldwell Banker and the Coldwell Banker Logo are registered service marks owned by Coldwell Banker Real Estate LLC. Real estate agents affiliated with Coldwell Banker Realty are independent contractor sales associates and are not employees of Coldwell Banker Realty.
REV01.2021

Premise Address: _____ 7922 3rd Street, Orient, OH 43146 _____

## 14. NOTICES TO THE PARTIES:

**14.1 Professional Advice and Assistance:** The parties acknowledge and agree that the purchase of real property encompasses many professional disciplines. While the Broker possesses considerable general knowledge, the Broker is not an expert on matters of law, tax, financing, surveying, structural conditions, hazardous materials, environmental conditions, inspections, engineering, etc. The Broker will not search the public record for information pertaining to the property. The Broker hereby advises the parties, and the parties acknowledge that they should research all public records concerning the property and seek professional expert assistance and advice in these and other areas of professional expertise.

In the event the Broker provides to the parties' names of companies or sources for such advice and assistance, the parties additionally acknowledge and agree that the Broker does not warrant, guarantee, or endorse the services and/or products of such companies or sources. The Buyer and Seller agree to indemnify and hold harmless Coldwell Banker Realty, its agents, officers, managers, shareholders and employees from all claims, demands, damages, liability and expenses (including reasonable attorney fees) arising there from.

**14.2 Ohio Fair Housing Law:** It is illegal, pursuant to the Ohio Fair Housing Law, Division (H) of Section 4112.02 of the Revised Code, and the Federal Fair Housing Law, 42 U.S.C.A. 3601, as amended, to refuse to sell, transfer, assign, rent, lease, sublease, or finance housing accommodations; refuse to negotiate for the sale or rental of housing accommodations; or otherwise deny or make unavailable housing accommodations because of race, color, religion, sex, familial status as defined in Section 4112.01 of the Revised Code, ancestry, military status as defined in that section, disability as defined in that section, or national origin or to so discriminate in advertising the sale or rental of housing, in the financing of housing, or in the provision of real estate brokerage services.
It is also illegal, for profit, to induce or attempt to induce a person to sell or rent a dwelling by representations regarding the entry into the neighborhood of a person or persons belonging to one of the protected classes.

**14.3 Residential Property Disclosure Form:** With respect to the sale of real property that has from one to four dwelling units, most Sellers will be required to provide the Buyer with a completed Property Disclosure Form complying with the requirements of Ohio law. If such disclosure is required but is not provided by the time the Buyer enters into this agreement, the Buyer may be entitled to rescind this agreement by delivering a document of rescission to the Seller or the Seller's Broker, provided such document of rescission is delivered prior to all three of the following dates: (a) the date of closing, (b) 30 days after the Seller accepted the Buyer's offer, and (c) within 3 business days following the receipt by the Buyer or the Buyer's Broker of the Property Disclosure Form or amendment of that form.

**14.4 Ohio's Sex Offender Registration and Notification Law:** If a sex offender resides in the area, Ohio's Sex Offender Registration and Notification Law requires the local sheriff to provide written notice to certain members of the community. The notice provided by the sheriff is a public record and is open to inspection under Ohio's Public Records Law.

The Buyer acknowledges that any information disclosed may no longer be accurate. The Buyer assumes responsibility to obtain accurate information from the sheriff's office. The Buyer shall rely on the Buyer's own inquiry with the local sheriff's office and shall not rely on the Seller or any Broker involved in the transaction.

**14.5** Concessions: Buyer and Seller authorize the Broker to report sales and financing concessions data to the MLS membership and MLS sold database as applicable and to provide this information to state licensed appraisers researching comparables, upon inquiry, to the extent necessary to adjust price to accurately reflect market value.

©2021 NRT Columbus LLC. All Rights Reserved. Coldwell Banker Realty fully supports the principles of the Fair Housing Act and the Equal Opportunity Act. Operated by a subsidiary of NRT LLC. Coldwell Banker and the Coldwell Banker Logo are registered service marks owned by Coldwell Banker Real Estate LLC. Real estate agents affiliated with Coldwell Banker Realty are independent contractor sales associates and are not employees of Coldwell Banker Realty.
REV01.2021

dotloop signature verification  Case 2:21-bk-51802    Doc 39    Filed 08/30/21    Entered 08/30/21 14:04:10    Desc Main
Document        Page 28 of 54

13 of 14

Premise Address: _____ 7922 3rd Street, Orient, OH 43146 _____

**14.6 Property Condition**: Buyer has been given the opportunity to examine all property involved and is relying solely upon such inspections, examination and test with reference to the condition, character and size of land and improvements and fixtures, if any. Buyer and Seller agree to indemnify and hold harmless Coldwell Banker Realty, its agents, officers, managers, shareholders and employees from all claims, demands, damages, liabilities and expenses (including reasonable attorney fees) arising out of any negligence, misrepresentations, or non-disclosures by Seller or Buyer.

**14.7 Use of Legal Counsel**: It is strongly recommended that all parties to this contract be represented by legal counsel. All legal questions involving this contract or this real estate transaction should be directed to an attorney.

**14.8 Agency Disclosure.** Buyer acknowledges receipt of the Agency Disclosure Statement, Coldwell Banker Realty Consumer Guide and if applicable the Dual Agency Disclosure Statement.

## 15. Closing and Possession:

**15.1 Closing:** This contract shall be performed and this transaction closed on or before _____ 07/16/2021 _____ unless the parties agree in writing to an extension. The Parties hereby expressly authorize any lender and/or closing agent to provide the parties' brokers, agents and attorneys with the closing settlement statement (ALTA-1 or equivalent) for review in advance of closing.

**15.2 Final Verification of Condition**: Buyer shall have the right to make a final verification of the condition of the Property within _____ n/a _____ calendar days prior to the day of closing (if left blank, the number of calendar days shall be 2) to confirm that the premises are in the same condition as they were on the date of this contract, or as otherwise agreed, and that repairs, if any, have been completed as agreed.

**15.3 Possession:** Seller is entitled to possession through _____ Closing _____ . At the time the Seller delivers possession, the premises will be in the same condition as the date of acceptance of this contract, normal wear and tear excepted, and except as provided in paragraph 11.

**15.4 Debris and Personal Property:** The Seller shall remove all debris and personal property not included in this contract by the date and time of the Buyer's possession.

## 16. Duration of Offer:

This offer shall be open for acceptance through _____

**SIGNATURES ON FOLLOWING PAGE**

©2021 NRT Columbus LLC. All Rights Reserved. Coldwell Banker Realty fully supports the principles of the Fair Housing Act and the Equal Opportunity Act. Operated by a subsidiary of NRT LLC. Coldwell Banker and the Coldwell Banker Logo are registered service marks owned by Coldwell Banker Real Estate LLC. Real estate agents affiliated with Coldwell Banker Realty are independent contractor sales associates and are not employees of Coldwell Banker Realty.
REV01.2021

14 of 14

Premise Address: _____ 7922 3rd Street, Orient, OH 43146 _____

| The undersigned Buyer agrees to the terms and acknowledges the receipt hereof: | The undersigned Seller agrees to the terms and acknowledges the receipt hereof: |
|---|---|
| Signature: *Linda Orem*  dotloop verified 06/13/21 10:35 AM EDT GMFQ-MTBV-6SRX-7H2U | Signature: *John E Orem Jr*  dotloop verified 06/13/21 10:32 AM EDT |
| Print Name: _____ Linda Orem _____ | Print Name: _____ John E Orem Jr. _____ |
| Date Signed: _____ | Date Signed: _____ |
| | |
| Signature: *John Orem Sr*  dotloop verified 06/13/21 10:53 AM EDT OAKR-UQ3Q-WIJU-SRSE | Signature: *Seerina L Orem*  dotloop verified 06/13/21 10:27 AM EDT UWWV-9XQQ-QT0X-MIYM |
| Print Name: _____ John Orem Sr _____ | Print Name: _____ Seerina L Orem _____ |
| Date Signed: _____ | Date Signed: _____ |

Phone #: _____                    Phone #: _____
Deed to: _____ Linda Orem and John Orem Sr _____

Attorney: _____                   Attorney: _____
Office #: _____                   Office #: _____
Fax #: _____                      Fax #: _____
Email: _____                      Email: _____

Brokerage: ___ Coldwell Banker Realty ___   Brokerage: ___ Coldwell Banker Realty ___

Brokerage License #: ___ 2008002470 ___     Brokerage License #: ___ 2008002470 ___
MLS Office ID #: ___ 03391 ___              MLS Office ID #: ___ 03391 ___
office #: ___ (614) 419-9116 ___            office #: _____
Fax #: _____                      Fax #: _____
Address: _ 4535 W. Dublin-Granville Rd., Dublin, OH 43017 _    Address: _____

Agent: ___ Michael Busch ___                Agent: ___ Michael D Busch ___
Agent License #: ___ 2013002266 ___         Agent License #: ___ 2013002266 ___
Phone #: ___ (614) 419-9116 ___             Phone #: ___ (614) 419-9116 ___
Alternative Phone #: _____        Alternative Phone #: _____
Fax #: _____                      Fax #: _____
Email: ___ Michael.busch@CBrealty.com ___   Email: ___ Michael.busch@CBrealty.com ___

---

## Receipt of Offer

Seller acknowledges receipt of the above Offer for review and consideration. This does not constitute acceptance of the offer.

Seller Signature _____ Date _____
Seller Signature _____ Date _____

---

©2021 NRT Columbus LLC. All Rights Reserved. Coldwell Banker Realty fully supports the principles of the Fair Housing Act and the Equal Opportunity Act. Operated by a subsidiary of NRT LLC. Coldwell Banker and the Coldwell Banker Logo are registered service marks owned by Coldwell Banker Real Estate LLC. Real estate agents affiliated with Coldwell Banker Realty are independent contractor sales associates and are not employees of Coldwell Banker Realty.
REV01:2021



**COLDWELL BANKER REALTY**

Addendum ___1___ Page ___1 of 1___

**ADDENDUM TO REAL ESTATE PURCHASE CONTRACT**
Adopted by the Columbus Board of Realtors®

It is recommended that all parties be represented by legal counsel.

07/08/2021

In reference to the Real Estate Purchase Contract originally dated _____ 06/13/2021

between Buyer _____ Linda Orem and John Orem Sr

and Seller _____ John E Orem Jr. and Seerina L Orem

covering the property commonly known as _____ 7922 3rd Street, Orient, OH 43146

The provisions of this addendum supersedes any conflicting provisions in the Real Estate Purchase Contract or any other prior addendum.

1. The Closing shall take place on or before July 23, 2021.

2. The purchase price shall be $109,500 (One Hundred Nine Thousand Five Hundred Dollars).

3. The sellers shall contribute $3,200 (Three Thousand Two Hundred Dollars) towards the buyers' closing costs.

4. All other terms and conditions shall remain the same.

Buyer *Linda Orem*

dotloop verified
07/08/21 5:26 PM EDT
X6N6-ZXOQ-JDTZ-YZXC

Buyer *John Orem Sr*

dotloop verified
07/08/21 4:15 PM EDT
ZBTY-TLIO-JWTO-R25X

Seller *John E Orem Jr.*

dotloop verified
07/08/21 3:48 PM EDT
IZOC-ABKC-NWGE-XHNY

Seller *Seerina L Orem*

dotloop verified
07/08/21 4:11 PM EDT
1PNO-YIKL-8TFI-FX4H

©2020 Coldwell Banker. All Rights Reserved. Coldwell Banker and the Coldwell Banker logos are trademarks of Coldwell Banker Real Estate LLC. The Coldwell Banker® System is comprised of company owned offices which are owned by a subsidiary of Realogy Brokerage Group LLC and franchised offices which are independently owned and operated. The Coldwell Banker System fully supports the principles of the Fair Housing Act and the Equal Opportunity Act.
REV12.2020

## GENERAL WARRANTY SURVIVORSHIP DEED

Know all persons by these presents, that:

### John E. Orem Jr. and Seerina L. Orem

husband and wife, the designated Grantor herein, whether one or more than one, for valuable consideration received hereby grant and assign with general warranty covenants, to:

### Linda Orem and John Orem Sr.

the designated Grantee herein whether one or more than one, for their joint lives with the remainder to the survivor of them, whose tax-bill mailing address will be the same as the property address, which is,_____

Situated in the County of Pickaway, Village of Orient and State of Ohio:

Being a tract of land off of the North side of Lot No. Twenty-Five (25) in the Village of Morgan (now called Orient). Said tract of land fronting fifty (50) feet on Main Street and running back to a public alley two hundred and sixty-four (264) feet.

Property Address:    7922 Third Street, Orient, OH 43146

Parcel No.: L27-0-100-02-009-00
Prior Deed Reference: OR Vol. 652, Page 994 of the Pickaway County, Ohio records

The foregoing real property is granted by the Grantor and accepted by the Grantee except for the following and subject to all of which this conveyance is made: legal highways; zoning ordinances; real estate taxes and assessments which are now or may hereafter become a lien on said premises; covenants, conditions, restrictions and easements of record; and all coal, oil, gas, and other mineral rights and interests previously transferred or reserved of record.

Exhibit C

The Grantor herein has read this Deed and hereby acknowledges the voluntary signing hereof.

Executed on this _____ 17 _____ day of _____ July _____, 2021

John E. Orem Jr.                                    Seerina L. Orem

State of Ohio
County of _____ Franklin _____ )
                                 )

The foregoing instrument was acknowledged before me this _____ 17 _____ day of
_____ July _____, 2021 by **John E. Orem Jr.** and **Seerina L. Orem**.

Notary Public

Notary Stamp

**Jennifer L. Swick**
Notary Public
State of Ohio
My Commission Expires
March 2  2024

This instrument prepared by:
Stephen A. McCoy, Esq.
The Holfinger Stevenson Law Firm
1160 Dublin Road, Suite 500
Columbus, OH 43215

File #14-4151

After recording, return to:
Northwest Select Title Agency, LLC
c/o Kate Wedemeyer
5148 Blazer Parkway
Dublin, OH 43017

Exhibit D

| American Land Title Association | ALTA Settlement Statement - Seller |
|---|---|
| | Adopted 05-01-2015 |

| | |
|---|---|
| **File No./Escrow No.:** 14-4151 | Northwest Select Title Agency, LLC |
| **Print Date & Time:** 07/16/21 9:11 AM | **ALTA Universal ID:** 1100930 |
| **Officer/Escrow Officer:** Tiajha Kokich | 100 E. Wilson Bridge Rd, Ste 105 |
| **Settlement Location:** | Worthington, OH  43085 |
| Northwest Select Title | |
| 5148 Blazer Parkway | |
| Dublin, OH 43017 | |

| | |
|---|---|
| **Property Address:** | Lot 25, Village of Orient, Pickaway County, OH |
| | 7922 Third Street |
| | Orient, OH 43146 |
| **Borrower:** | Linda Orem and John Orem Sr. |
| **Seller:** | John E. Orem Jr. and Seerina L. Orem |
| | 7922 Third Street |
| | Orient, OH 43146 |
| **Lender:** | Priority Mortgage Corp., ATTN:  Final Document Department |
| | 150 East Wilson Bridge Road, Ste. 350, Worthington, OH, 43085 |
| **Loan Number:** | 214336 |
| **Settlement Date:** | 07/23/2021 |
| **Disbursement Date:** | 07/23/2021 |
| **Additional dates per state requirements:** | |

| Description | Seller Debit | Seller Credit |
|---|---|---|
| **Financial** | | |
| Sale Price of Property | | $109,500.00 |
| | | |
| **Prorations/Adjustments** | | |
| County Property Tax from 01/01/2021 thru 07/23/2021 | $771.63 | |
| Closing Cost Credit to Buyer | $3,200.00 | |
| | | |
| **Other Loan Charges** | | |
| Appraisal Fee | | |
| Credit Report Fee | | |
| Flood Determination Fee | | |
| Processing Fee | | |
| Tax Service Fee | | |
| | | |
| **Title Charges & Escrow / Settlement Charges** | | |
| Title - Abstract or Search to Northwest Select Title | $250.00 | |
| Title - Commitment to Northwest Select Title | $50.00 | |
| Title - Courier/Wire Fee to Northwest Select Title | $35.00 | |
| Title - Secure Digital Document Storage to Northwest Select Title | $5.00 | |
| Title - Settlement or Closing Fee to Northwest Select Title | $175.00 | |

Copyright 2015 American Land Title Association.
All rights reserved.

File # 14-4151
Printed on: 07/16/21 9:11 AM

| Description | Seller | |
| --- | --- | --- |
| | Debit | Credit |
| Title - Update and Record to Northwest Select Title | $35.00 | |
| Title - Legal Documents Prep to The Holfinger Stevenson Law Firm | $85.00 | |
| Title - Owner's Title Insurance to Northwest Select Title | $727.38 | |
| | | |
| **Commission** | | |
| Real Estate Commission - Listing to Coldwell Banker Realty | $1,000.00 | |
| | | |
| **Government Recording and Transfer Charges** | | |
| Transfer Tax to Pickaway County Auditor | $328.50 | |
| | | |
| **Payoff(s)** | | |
| Lender:          Payoff of First Mortgage Loan to NewRez, LLC | $86,041.25 | |
| Total ($85,964.53) | | |
| Payee:          Payoff 2nd Mortgage/HELOC to Key Bank | $16,729.79 | |
| Total ($16,545.39) | | |
| | | |
| **Miscellaneous** | | |
| Home Warranty | | |

| | Seller | |
| --- | --- | --- |
| | Debit | Credit |
| **Subtotals** | $109,433.55 | $109,500.00 |
| Due **To** Seller | $66.45 | |
| **Totals** | $109,500.00 | $109,500.00 |

Copyright 2015 American Land Title Association.
All rights reserved.

File # 14-4151
Printed on: 07/16/21 9:11 AM

**Acknowledgement**

We/I have carefully reviewed the ALTA Settlement Statement and find it to be a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction and further certify that I have received a copy of the ALTA Settlement Statement. We/I authorize Northwest Select Title Agency, LLC to cause the funds to be disbursed in accordance with this statement.

_____     7-17-2021
John E. Orem Jr.                              Date

_____     7/17/2021
Steerina L. Orem                             Date

_____     4·17·2021
Tiajha Kokich                                    Date

Copyright 2015 American Land Title Association.
All rights reserved.

File # 14-4151
Printed on: 07/16/21 9:11 AM

# Closing Disclosure

## Closing Information

| | |
|---|---|
| **Date Issued** | |
| **Closing Date** | 7/23/2021 |
| **Disbursement Date** | 7/23/2021 |
| **Settlement Agent** | Northwest Select Title |
| **File #** | 14-4151 |
| **Property** | 7922 Third Street |
| | Orient, OH 43146 |
| | |
| **Sale Price** | $109,500.00 |

## Transaction Information

| | |
|---|---|
| **Borrower** | Linda Orem and John Orem Sr. |
| | |
| **Seller** | John E. Orem Jr. and Seerina L. Orem |
| | 7922 Third Street |
| | Orient, OH 43146 |

## Summaries of Transactions

### SELLER'S TRANSACTION

| Due to Seller at Closing | | $109,500.00 |
|---|---|---|
| 01 | Sale Price of Property | $109,500.00 |
| 02 | Sale Price of Any Personal Property Included in Sale | |
| 03 | | |
| 04 | | |
| 05 | | |
| 06 | | |
| 07 | | |
| 08 | | |

**Adjustments for Items Paid by Seller in Advance**

| 09 | City Property Tax | |
|---|---|---|
| 10 | County Property Tax | |
| 11 | Assessments Tax | |
| 12 | School Tax | |
| 13 | HOA/Condo Dues | |
| 14 | Other | |
| 15 | | |
| 16 | | |

| Due from Seller at Closing | | $109,433.55 |
|---|---|---|
| 01 | Excess Deposit | |
| 02 | Closing Costs Paid at Closing (J) | $2,370.88 |
| 03 | Existing Loan(s) Assumed or Taken Subject to | |
| 04 | Payoff of First Mortgage Loan to NewRez, LLC | $86,041.25 |
| 05 | | |
| 06 | Payoff 2nd Mortgage/HELOC | $16,729.79 |
| 07 | Closing Cost Credit to Buyer | $3,200.00 |
| 08 | | |
| 09 | | |
| 10 | Adjustment for Owner's Policy Paid by Seller | $320.00 |
| 11 | | |
| 12 | | |
| 13 | | |

**Adjustments for Items Unpaid by Seller**

| 14 | City Property Tax | | |
|---|---|---|---|
| 15 | County Property Tax | 1/1/2021 thru 7/23/2021 | $771.63 |
| 16 | Assessments Tax | | |
| 17 | School Tax | | |
| 18 | HOA/Condo Dues | | |
| 19 | Other | | |

### CALCULATION

| | |
|---|---|
| Total Due to Seller at Closing | $109,500.00 |
| Total Due from Seller at Closing | -$109,433.55 |
| **Cash** ☐ From ☒ To **Seller** | **$66.45** |

## Contact Information

### REAL ESTATE BROKER (B)

| | |
|---|---|
| **Name** | Coldwell Banker Realty |
| **Address** | 4535 West Dublin Granville Road |
| | Dublin, OH 43017 |
| **OH License ID** | OH2008002262 |
| **Contact** | Michael Busch |
| **Contact OH License ID** | OH2013002266 |
| **Email** | michael.busch@kingthompson.com |
| **Phone** | 614-889-0808 |

### REAL ESTATE BROKER (S)

| | |
|---|---|
| **Name** | Coldwell Banker Realty |
| **Address** | 4535 West Dublin Granville Road |
| | Dublin, OH 43017 |
| **OH License ID** | OH2008002262 |
| **Contact** | Michael Busch |
| **Contact OH License ID** | OH2013002266 |
| **Email** | michael.busch@kingthompson.com |
| **Phone** | 614-889-0808 |

### SETTLEMENT AGENT

| | |
|---|---|
| **Name** | Northwest Select Title |
| **Address** | 5148 Blazer Parkway |
| | Dublin, OH 43017 |
| **OH License ID** | OH40560 |
| **Contact** | Melissa Mamula |
| **Contact OH License ID** | OH609948 |
| **Email** | select-dublin@nwtitle.com |
| **Phone** | 614-527-2600 |



**Questions?** If you have questions about the loan terms or costs on this form, use the contact information above. To get more information or make a complaint, contact the Consumer Financial Protection Bureau at **www.consumerfinance.gov/mortgage-closing**

## Closing Cost Details

| Loan Costs | | | Seller-Paid | |
|---|---|---|---|---|
| | | | At Closing | Before Closing |
| **A. Origination Charges** | | | | |
| 01 0% of Loan Amount (Points) | to | | | |
| 02 Application Fee | to | | | |
| 03 Underwriting Fee | to | | | |
| **B. Services Borrower Did Not Shop For** | | | | |
| 01 Appraisal Fee | to | | | |
| 02 Credit Report Fee | to | | | |
| 03 Flood Determination Fee | to | | | |
| 04 Processing Fee | to | | | |
| 05 Tax Service Fee | to | | | |
| **C. Services Borrower Did Shop For** | | | | $550.00 |
| 01 Location Survey | to Hoy Land Surveying | | | |
| 02 Title - ALTA 8.1 EPL (bundled ALTA9) | to Northwest Select Title | | | |
| 03 Title - ALTA 9 Comprehensive | to Northwest Select Title | | | |
| 04 Title - Abstract or Search | to Northwest Select Title | | $250.00 | |
| 05 Title - Closing Protection Coverage - Lender | to WFG National Title Insurance Company | | | |
| 06 Title - Commitment | to Northwest Select Title | | $50.00 | |
| 07 Title - Courier/Wire Fee | to Northwest Select Title | | $35.00 | |
| 08 Title - Del ML Except - LP No Work | to Northwest Select Title | | | |
| 09 Title - Lender's Title Insurance | to Northwest Select Title | | | |
| 10 Title - Secure Digital Document Storage | to Northwest Select Title | | $5.00 | |
| 11 Title - Settlement or Closing Fee | to Northwest Select Title | | $175.00 | |
| 12 Title - Survey Cvg Simo OP & LP | to Northwest Select Title | | | |
| 13 Title - Update and Record | to Northwest Select Title | | $35.00 | |

## Other Costs

| E. Taxes and Other Government Fees | | | $328.50 |
|---|---|---|---|
| 01  Recording Fees    Deed:  $34.00    Mortgage:  $178.00 | | | |
|      to  Pickaway County Recorder | | | |
| 02  Transfer Tax    to  Pickaway County Auditor | | $328.50 | |

| F. Prepaids | | | |
|---|---|---|---|
| 01  Homeowner's Insurance Premium (    mo.)    to | | | |
| 02  Mortgage Insurance Premium (    mo.)    to | | | |
| 03  Prepaid Interest (    per day from    to  Priority Mortgage Corp. 07/23/2021 to 08/01/2021) | | | |
| 04  Property Taxes (    mo.)    to | | | |

| G. Initial Escrow Payment at Closing to Priority Mortgage Corp. | | | | |
|---|---|---|---|---|
| 01  Homeowner's Insurance | per month for | mo. | | |
| 02  Mortgage Insurance | per month for | mo. | | |
| 03  Property Taxes | per month for | mo. | | |
| 04  City Property Taxes | per month for | mo. | | |
| 05  County Property Taxes | per month for | mo. | | |
| 06  Assessment Taxes | per month for | mo. | | |
| 07  School Taxes | per month for | mo. | | |
| 08  HOA/Condo Dues | per month for | mo. | | |
| 09  Other Taxes | per month for | mo. | | |
| 10  Aggregate Adjustment | | | | |

| H. Other | | | $1,492.38 |
|---|---|---|---|
| 01  CB Realty Fee    to  Coldwell Banker Realty | | | |
| 02  Home Warranty    to | | | |
| 03  Real Estate Commission - Listing    to  Coldwell Banker Realty | | $1,000.00 | |
| 04  Title - Legal Documents Prep    to  The Holfinger Stevenson Law Firm | | $85.00 | |
| 05  Title - Owner's Title Insurance    to  Northwest Select Title | | $407.38 | |

| J. TOTAL CLOSING COSTS | $2,370.88 |
|---|---|

John E. Orem Jr.

Seerina L. Orem



## HELOC PAYOFF CLOSEOUT INSTRUCTION

TO:  Reimer Law

**RE:  Home Equity Line of Credit Account #8307787655**
*Secured by the Property located at: 7922 Third Street, Orient, OH 43146*

The undersigned Borrower under the above-referenced Home Equity Line of Credit, hereby authorizes and instructs you to close and immediately terminate the above referenced credit line account upon receipt of this notice.

Said borrower agrees to pay any charges pending that may not be reflected on the demand for payoff issued to the title agency and further agrees to cease activity on this account including but not limited to the issuance of checks or by taking further advances on this account.

Upon receipt of funds representing payment in full, which are either enclosed herewith, or sent via wire transmission, you are to forward the full satisfaction of mortgage for the above-named borrower to the proper county authority to be released.  The original Note should also be sent to the borrower marked, "Paid in Full".

If the funds paid to you will not result in the immediate payoff and closure of the loan account, with the full release or your mortgage lien, you are instructed to contact the title agency immediately at the number in the footer of this authorization.

John E. Orem Jr.          7-17-2021          Date

Seerina L. Orem          7/17/21          Date

## CLOSING AGREEMENT FOR THE SALE OF RESIDENTIAL REAL ESTATE

PROPERTY: **7922 Third Street, Orient, OH 43146**
SELLER: **John E. Orem Jr. and Seerina L. Orem**
BUYER/BORROWER: **Linda Orem and John Orem Sr.**
LENDER: **Priority Mortgage Corp.**
TITLE AGENCY: **Northwest Select Title**

G.F. # **14-4151**

By signing this statement, I acknowledge the following:

1. Neither Title Agency nor any of its employees is acting as my Agent, Attorney, Representative or Fiduciary at this real estate closing. This is true even though funds may be held by Title Agency in an escrow account. **Title Agency is serving as an Escrow/Settlement Agent, as well as a Title Insurance Agent (if applicable)** to any proposed insured under the title insurance commitment in this transaction. Title Agency or any of its employees or contractors, may have identified certain documents to me as they were presented to me for signing, but they have not given me any legal advice as to the meaning or effect of the documents. I understand that any statements made about the documents are not legal advice and that obtaining legal counsel in real estate transactions is recommended. By signing the closing documents, I consent to be bound by them and confirm that any and all of the terms in my real estate sale contract are included accurately therein. Notice of any and all claims related to Title Agency as an Escrow Agent and Settlement Agent must be presented to Title Agency within one year of the date of settlement. Any claim related to title is subject to the terms of the title insurance policy.

2. As a necessary step in closing this transaction, The Holfinger Stevenson Law Firm, Ltd. (the "Law Firm") prepares certain documents for closing on behalf of Title Agency, the cost of which may be borne by one or more of the parties. I acknowledge that, unless I have entered into a representation agreement with the Law Firm, I am **not a client of the Law Firm**, and the Law Firm has not given me any legal advice regarding the meaning or effect of the documents. I expressly waive any actual or potential conflict of interest between Law Firm and myself, Title Agency, and any of the parties.

3. Title Agency is authorized to deposit all funds it receives in this transaction in any financial institution, and is not a fiduciary for the parties, and therefore shall not be liable for interest on any escrowed funds and shall be under no duty to invest or reinvest funds held at any time. Costs, expenses, and interest from said funds shall be paid by or to Title Agency, as the case may be, or in accordance with the rules of this State in regards to **Escrow and/or IOTA/IOLTA accounts**. Further, **FDIC insurance** applies only to a cumulative maximum amount of $250,000 for each individual Depositor for all of Depositor's accounts at the same or related institution(s). Title Agency assumes no responsibility for, nor will Depositor(s) hold Title Agency liable for, any loss occurring which arises from the fact that the amount of any deposits made with Title Agency may cause the aggregate amount of any individual Depositor's accounts to exceed $250,000 and that the excess amount is not insured.

4. Title Agency may charge for **courier or delivery fees** on the Settlement Statement. This fee includes services such as: hand-courier, U.S. Mail, UPS, or FedEx, but the actual delivery charges by these services may be greater than or less than the amount shown, and the balance of that fee will be paid to, or shortage will be paid by, Title Agency. Any such balance received is consideration for the creation of the package sent, for transmitting the package to the delivery service, and for tracking such package.

5. There may be times when there are **clerical errors or mistakes** made by Lender or by Title Agency. I agree to fully cooperate and correct such errors on any or all closing documentation within three (3) days after being given notice, even if that means that documents need to be re-executed and notarized, or it results in a change in my closing costs.

6. The **mortgage payoff figures** (if any) shown in the Settlement Statement, are subject to review and revision after the closing by the Mortgagee or lienholder.  The undersigned agree that if funds in excess of the quoted payoff figure are required, the Mortgagor/Debtor will pay directly to Title Agency, within three (3) days after being given notice, the amount required to payoff, cancel, and release the lien.

7. I authorize Title Agency to **release a copy of the Settlement Statement and Closing Disclosure** to people or entities such as the government, my accountant or attorney, or other title agencies handling future transactions for the subject property, and other reasonably similar parties that have a fiduciary or agency relationship with me.  Further, I authorize Title Agency to act as my representative for the limited purpose of completing, correcting, or signing any forms required by the County to transfer and convey the property.

8. I acknowledge that I may be required to execute an affidavit, required under the **Foreign Investments in Real Property Tax Act of 1980** (26 USC Section 1445 et seq., commonly known as **"FIRPTA"**), signed under penalty of perjury, containing my (or my company's, trust's, or estate's) United States Social Security and/or taxpayer identification numbers and a declaration to the effect that I (or my company, trust, or estate) is not a foreign person within the meaning of FIRPTA.  Title Agency will not provide a copy of the affidavit to Buyer.  Instead, Title Agency will act as a Qualified Substitute pursuant to FIRPTA, and will retain possession of the affidavit.  If I should receive an inquiry from the IRS regarding this transaction, I agree to notify Title Agency immediately and provide Title Agency with a copy of any such IRS correspondence.

9. **TAXES:**

   I acknowledge that the **real estate tax proration** reflected on the Settlement Statement is based on the most recent tax bill/certificate, as provided by the County, and as required to be done by my Property's Purchase Contract.

   I confirm **I have reviewed the property tax proration** on the Settlement Statement and agree it is what I contracted with Buyer for, and so I affirmatively indemnify and hold harmless Title Agency, its agents, owners and employees, for any loss due to miscalculation arising from clerical error, my failure to pay such taxes, any tax increase or decrease occasioned by millage or valuation changes, retroactive re-evaluation, change in land usage, loss of CAUV reduction, or loss of homestead status.

10. I acknowledge that there **may be unpaid charges for water and/or sewer** services furnished to my property and that no such allowance for such charges was made or taken into account on the Settlement Statement.  These charges may not now be a lien against the property, but, if not paid, they could become a lien at a later date, or in lieu thereof, the service provider may terminate service if such charges are not paid.  I accept responsibility for the payment of all outstanding water and sewer charges currently unpaid and I indemnify and hold Buyer and Title Agency harmless from any loss or damage resulting from my failure to pay water and sewer charges current through the date of closing.

11. I confirm that **I did not require Buyer to provide any earnest money** in this transaction.

12. This is the complete agreement between the parties, and can only be modified by signed writing.  The UNDERSIGNED HAVE READ THIS AGREEMENT and agree to all the terms and conditions herein.

John E. Orem Jr.

Seerina L. Orem

Phone: (740) 604-9231

Email: ericorem31@gmail.com

FWD Address: 99 Canterbury Ct.
London, OH 43140

## Homeowner's/Condo Association Disclosure and Agreement

File #  **14-4151**
Seller:  **John E. Orem Jr. and Seerina L. Orem**
Property:  **7922 Third Street, Orient, OH 43146**

Seller, whether one or more than one person, has disclosed that there (initial one):

____X____  **IS NOT** an active Homeowner's/Condo Association at the above mentioned property address.

_____  **IS** an active Homeowner's/Condo Association at the above mentioned property address. The name of the Association that I paid dues to is:

_____

The contact information for the Management/Treasurer of Association is:

_____

The dues are $_____ per _____.

Seller will hold Northwest Select Title harmless from any outstanding debts, dues and liens that may be filed of record and will pay any and all dues, late fees, penalties, legal fees associated to the Association up to and including the date of closing.

Buyer will also hold Northwest Select Title, harmless and agrees to be responsible for any dues, late fees, penalties, and/or legal fees associated with the Association from the day of purchase if such Association should provide them with an invoice and/or information in regards to a "mandatory" fee associated with the Association.

The undersigned acknowledges that the dues associated with the homeowner's or condo association, if any, are prorated on the HUD-1/CDF/Settlement Statement in accordance with the parties' purchase contract. The parties further acknowledge that all association assessments or past due fees, if any, must be paid by Seller, and either have been paid current or will be paid current as indicated on the HUD-1/CDF/Settlement Statement. The parties indemnify and hold Northwest Select Title harmless from any claims, actions, penalties or the like concerning these types of assessments and dues. **Seller hereby certifies that any and all dues, if any have been paid current** through closing, and indemnifies Northwest Select Title and Buyer for any resulting loss.

_____  7-17-2021        _____  7/17/21
John E. Orem Jr.          Date          Seerina L. Orem          Date



**WFG National Title Insurance Company**
a Williston Financial Group Company

## NOTICE OF AVAILABILITY AND OFFER OF CLOSING PROTECTION COVERAGE

☒ Seller:          John E. Orem Jr. and Seerina L. Orem
☐ Buyer/Borrower:  Linda Orem and John Orem Sr.
☐ Lender:          Priority Mortgage Corp.

RE:    Title Ins. Agent:        Northwest Select Title Agency, LLC
       Settlement Agent:        Northwest Select Title
       Property Address:        7922 Third Street, Orient, OH 43146
       File #:                  14-4151

### NOTICE OF AVAILABILITY OF CLOSING PROTECTION COVERAGE

Pursuant to Ohio Revised Code Section 3953.32, you are hereby notified of the availability of Closing Protection Coverage from WFG National Title Insurance Company in connection with the above-referenced transaction for the premium stated in the Offer of Closing Protection Coverage outlined below.

Closing or settlement of a real estate and/or mortgage loan transaction can be characterized as having two components. One component pertains to the title to the Premises and the title insurance policy therefore. The other component pertains to the handling of funds and documents by the Licensed Agent. A title insurance policy **does not** cover losses due to the mishandling of funds or documents by the Licensed Agent. However, Closing Protection Coverage, as outlined below, **does** provide such protection.

Description of Coverage: The Closing Protection Coverage indemnifies you against the loss of settlement funds resulting from any of the following acts of the Licensed Agent or anyone acting on behalf of the Licensed Agent, subject to certain conditions and exclusions specified in the Closing Protection Coverage Form:

(1) Theft, misappropriation, fraud, or any other failure to properly handle and disburse your funds or documents in connection with such closing; and
(2) Failure to comply with any applicable written closing instructions, when agreed to by the Licensed Agent.

You are covered by a Closing Protection Coverage Form only if it is specifically addressed to you. A copy of the Closing Protection Coverage Form is available upon request.

### OFFER OF CLOSING PROTECTION COVERAGE

Pursuant to Ohio Revised Code Section 3953.32, you are hereby offered Closing Protection Coverage from WFG National Title Insurance Company in connection with the above-referenced transaction.

<u>Premium Cost:</u>   The premium cost for the Closing Protection Coverage is $40.00 for Lender; $55.00 for Seller; $20.00 for Buyer/Borrower; and $20.00 for any other applicant for title insurance, and in no case shall the premium cost be less than $40.00 for this coverage in any transaction.

**Acceptance of Offer/Declination of Offer**

I (We), the undersigned, acknowledge receipt of this Offer of Closing Protection Coverage and:

      **DO** accept the said Offer

      **DO NOT** accept the said Offer      ✗

If this Offer is accepted, the undersigned hereby agrees to pay the applicable premium.

| _Linda Orem_   7/17/21 | _John Orem Sr._   7-17-2021 |
|---|---|
| Date | Date |
| Scerina Orem | John Orem Jr. |

**A lender's closing instructions requiring Closing Protection Coverage is deemed to be its acknowledgment of receipt of the Notice of Availability of Closing Protection Coverage and its acceptance of the Offer of Closing Protection**

**SELLER'S AFFIDAVIT**
File #14-4151

The undersigned Seller, whether one or more than one, being first duly sworn, jointly and severally, if more than one, deposes and makes the following statements for the express purpose of inducing Linda Orem and John Orem Sr., Buyer, whether one or more than one, to Purchase the following described property ("the Premises"), and, if applicable, to induce any mortgagee to pay proceeds to Seller and for Northwest Select Title Agency, LLC to issue any title insurance policy on behalf of any of its underwriters:

See Attached "Exhibit A"

1. All taxes, assessments or other charges now a lien against the Premises are shown on the Treasurer's Duplicate, and no improvements (site or area) have been installed by public authority, the costs of which may be assessed against the Premises. Seller has not been notified within the period of two years immediately preceding the date hereof of contemplated improvements (site or area) to the Premises by public authority, the costs of which are to be assessed against the Premises in the future, nor has Seller had any notice of condemnation or other exercise of the power of eminent domain.

2. No unpaid-for improvements have been made or materials, machinery or fuel delivered to or labor performed on the premises within seventy-five (75) days (or, in the case of a one- or two-family home or a residential condominium unit, sixty (60) days) immediately preceding the date hereof which might form the basis of a mechanic's lien against the Premises, except _____ (none, if nothing inserted), nor has Seller received a copy of an Affidavit of Mechanic's Lien which may be filed against the Premises.

3. Seller has no knowledge of any encumbrances on the title to the Premises other than those set forth in the evidence of title provided to Buyer, nor does Seller have any knowledge of off-record or undisclosed legal or equitable interests in the Premises or claimed by any other person or entity, including past due water and sewer charges, except the rights of tenants, if any, which have been fully disclosed to Buyer and to any title insurance company issuing title insurance in reliance hereon. Seller further represents that all bills for water and sewer charges issued prior to the date hereof for water and sewer services to the Premises have been fully paid.

4. To Seller's best knowledge and belief the improvements on the Premises are located within the boundary lines of the Premises, all utility service lines serving the premises are located either within the boundary lines of the Premises or within lands dedicated to public use or within recorded easements for the same, there are no boundary line disputes, and Seller has complied with all applicable environmental protection regulations. Seller further represents that the Premises has actual pedestrian and vehicular access based on a legal right of access to the land.

5. With respect to the improvements located on the Premises, Seller has no knowledge of hidden structural defects or uncomplied with orders or notices of civil authority concerning health, building or fire code violations, and to the extent that Seller has made any structural or non-structural alteration or modifications to the improvements located on the Premises, Seller has to Seller's knowledge obtained all necessary building permits and variances for the same.

6.  Seller is not now under any legal disability which would impede or void any of Seller's contractual obligations, nor is Seller a debtor in any proceeding under the bankruptcy laws of the United States, nor has any intention to file for bankruptcy within 180 days of this real estate transaction.  All former spouses of Seller, if any, are deceased and/or all prior marriages, if any, have been legally terminated.  If Seller is a partnership or corporation, its officials consummating this transaction are properly authorized to do so, and the partnership or corporation, as well as its officials and the undersigned, shall be bound by this Affidavit.

7. Seller is not a foreign person, foreign corporation, foreign partnership, foreign trust or foreign estate as those terms are defined in the Internal Revenue Code and Income Tax Regulations.

8.  Seller represents that the subdivision in which the Premises is located does not have a homeowners' association, or if there is an association, assessments against the Premises have been paid in full through the date of closing or are appropriately credited on the closing statement.

9. Neither the Seller, nor any member of the Seller's family who has, or previously had, an interest in the subject premises, is or has been the recipient of Medicaid.


_____          _____
John E. Orem Jr.                                              Seerina L. Orem

State of _____Ohio_____          )
County of ____Franklin____          )          ss.

This instrument was sworn to and subscribed in my presence on this ____17____ day of
____July_____, 20_21_, by **John E. Orem Jr. and Seerina L. Orem.**


_____
NOTARY PUBLIC

**Jennifer L. Swick**
Notary Public
State of Ohio
My Commission Expires
March 2  2024

Commission Expiration:

**EXHIBIT "A"**

Situated in the County of Pickaway, Village of Orient and State of Ohio:

Being a tract of land off of the North side of Lot No. Twenty-Five (25) in the Village of Morgan (now called Orient). Said tract of land fronting fifty (50) feet on Main Street and running back to a public alley two hundred and sixty-four (264) feet.

## CERTIFICATE OF UNDERSTANDING AND INDEMNITY AND HOLD HARMLESS AGREEMENT DUE TO THE COVID-19 EMERGENCY - SALE

File #14-4151

Property: **7922 Third Street, Orient, OH 43146**
Date of Closing: **July 23, 2021**
Seller(s): **John E. Orem Jr. and Seerina L. Orem**
Buyer(s): **Linda Orem and John Orem Sr.**

In response to the outbreak of the Coronavirus and the declared states of national and local emergency, a number of government offices have been closed or have had their access significantly limited. As a result, the processing and recording of deeds and other title documents in some jurisdictions has been, and will be, impacted. Although WFG National Title Insurance Company is willing to continue to insure titles for purchasers and lenders under its current policy forms through the ultimate recording date of the deed, mortgage, deed of trust or other insured title document, neither WFG National Title Insurance Company nor its title agents can provide any estimate as to the date of recordation of such title documents in the land records.

NOW THEREFORE, as a result of the aforementioned closures and access restrictions and as an inducement to Northwest Select Title Agency, LLC (hereafter "Title Agent") to conduct settlement and to WFG National Title Insurance Company to issue it policy or policies of title insurance, the undersigned agree as follows:

Seller(s) affirm:

(a)    There are no unrecorded deeds and/or outstanding leases, contracts, options, agreements, trusts or inchoate rights or interests affecting the Property which have not been disclosed WFG National Title Insurance Company or Title Agent in writing.

(b)    All labor and materials used in construction of improvements, repairs, or modifications to the Property have been completed and there are now no unpaid bills for labor or material against the improvements or Property. The Sellers have received no notice of any mechanic's lien claim.

(c)    There are no unrecorded liens or encumbrances affecting the title to the Property, that are not being paid or adjusted as part of the current transaction.

(d)    Sellers have received no written notice of a proposed or pending special assessment or a pending taking of any portion of the Property by any governmental body; Sellers have no knowledge that work has been or will be performed by any governmental body including, but not limited to, the installation of water or sewer lines or of other utilities, or for improvements such as paving or repaving of streets or alleys, or the installation of curbs and sidewalks.

(e)    Sellers agree to neither allow, nor take any action, following settlement that may result in a lien, encumbrance or other matter adversely affecting title being placed against the title to the Property. In the event any lien, encumbrance or objectionable matter of title arises or occurs between the date of settlement and the date of the recording of the deed or other title document, Sellers agree to immediately take action to clear and discharge the same and further agree to hold harmless and indemnify Title Agent and WFG National Title Insurance Company against all expenses, costs and attorneys' fees that may arise out of Sellers failure to so remove, bond or otherwise dispose of any such liens, encumbrances or adverse matters of title to the satisfaction of WFG National Title Insurance Company.

The undersigned affirm(s) upon personal knowledge that the statements set forth herein are true and that this Certification is executed in order to induce Title Agent to make and complete settlement on the Property and to induce WFG National Title Insurance Company to issue its policy or policies of title insurance, insuring title to the Property.

EXECUTED by the undersigned on the date set forth beside his/her/their signature(s).

**Sellers:**

John E. Orem Jr.

Sеerina L. Orem

## SELLER'S F.I.R.P.T.A. CERTIFICATION

***(NOTE: If Seller refuses to execute this Certification, then you must contact internal Title Counsel for instructions.)***

This form is provided so that the buyer and/or seller in this transaction can certify compliance with the Foreign Investment In Real Property Tax Act of 1980, Internal Revenue Code Section 1445.

1) Section 1445 of the Internal Revenue Code provides that a transferee of a United States real property interest must withhold tax if the transferor is a foreign person.

2) In order to inform the Transferee that withholding tax is not required upon the disposition by the Transferor, **John E. Orem Jr. and Seerina L. Orem**, of the real property commonly known as **7922 Third Street, Orient, OH 43146**, the Transferor certifies the statements herein.

3) <u>Certification of Non-Foreign Status</u>
The Act provides that a Buyer/Transferee of U.S. Real Property must withhold tax if the Seller/Transferor is a foreign person. To inform the buyer and escrow agent that withholding of tax is not required upon my disposition of this real property interest herein, I, the undersigned Seller(s), or duly authorized officer(s) of the Seller(s) hereby certify the following:
   a) I/We am/are not a "Foreign Person" as defined in the Internal Revenue Code and Income Tax Regulations, for the purposes of United States Income Taxation; and
   b) The Transferor's U.S. Taxpayer Identification Number (TIN/SSN) is/are:

   Seller 1: John E. Orem Jr.    TIN: 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
   Seller 2: Seerina L. Orem    TIN: 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

   c) There are no other persons who have an ownership interest in the above described property other than those persons set forth above in subparagraph b.
   d) The Transferor's forwarding address is: _____

4) The undersigned hereby further certifies and declares:
   a) I (we) understand that the purchaser of the above described property intends to rely on the foregoing representations in connection with the United States Foreign Investment in Real Property Tax Act. (94 Stat. 2682 as amended)
   b) I understand that this certification may be disclosed to the IRS by the Buyer and that any false statement I have made herein could be punishable by fine, imprisonment, or both.
   c) Under penalty of perjury I declare that I have examined this certification and to the best of my knowledge and belief it is true, correct and complete.

_John E. Orem Jr._    _Seerina L. Orem_
John E. Orem Jr.    Seerina L. Orem

State of <u>Ohio</u>)
County of <u>Franklin</u>    )   ss.

This instrument was sworn to and subscribed in my presence on this 7 day of July 20 21, by John E. Orem Jr. and Seerina L. Orem.

NOTARY PUBLIC
Commission Expiration:

**NOTARIAL SEAL**
**STATE OF OHIO**

**Jennifer L. Swick**
Notary Public
State of Ohio
My Commission Expires
March 2  2024

## CERTIFICATION FOR NO INFORMATION REPORTING
## ON THE SALE OR EXCHANGE OF A PRINCIPAL RESIDENCE

This form may be completed by the Seller of a principal residence. This information is necessary to determine whether the sale of exchange should be reported to the Seller and to the Internal Revenue Service on Form 1099-S, Proceeds From Real Estate Transactions. If the Seller properly completes Parts I and III, and makes a "true" response to assurances (1) through (6) in Part II (or a "not applicable" response to assurance (6)), no information reporting to the Seller or to the Service will be required for that Seller. The term "Seller" includes each owner of the residence that is sold or exchanged. Thus, if a residence has more than one owner, a real estate reporting person must either obtain a certification from each owner (whether married or not) or file an information return and furnish a payee statement for any owner that does not make the certification.

**Part I. Seller Information**

1. Name:   **John E. Orem Jr. and Seerina L. Orem**

2. Address of residence being sold or exchanged:   **7922 Third Street, Orient, OH 43146**

3. Taxpayer Identification Number (TIN or SSN): _____ **and**

4. Forwarding Address of Seller: _____

**Part II. Seller Assurances:** Check *True* or *False* for assurances (1) through (5), and *True*, *False*, or *N/A* for assurance (6).

*True    False*

☒ ☐     (1) I owned and used the residence as my principal residence for periods aggregating 2 years or more during the 5-year period ending on the date of the sale or exchange of the residence.

☒ ☐     (2) I have not sold or exchanged another principal residence during the 2-year period ending on the date of the sale or exchange of the residence.

☒ ☐     (3) I (or my spouse or former spouse, if I was married at any time during the period beginning after May 6, 1997, and ending today) have not used any portion of the residence for business or rental purposes after May 6, 1997.

☒ ☐     (4) At least one of the following three statements applies:
(1) The sale or exchange is of the entire residence for $250,000.00 or less.
*OR -* (2) I am married, the sale or exchange is of the entire residence for $500,000.00 or less, and the gain on the sale or exchange of the entire residence is $250,000.00 or less.
*OR –* (3) I am married, the sale or exchange is of the entire residence for $500,000.00 or less, and (a) I intend to file a joint return for the year of the sale/exchange, (b) my spouse also used the residence as his/her principal residence for periods aggregating 2 years or more during the 5-yr period ending on the date of the sale or exchange of the residence, and (c) my spouse also has not sold or exchanged another principal residence during the 2-yr period ending on the date of the sale or exchange of the residence (not taking into account any sale or exchange before 5/7/1997).

☒ ☐     (5) During the 5-year period ending on the date of the sale or exchange of the residence, I did not acquire the residence in an exchange to which section 1031 of the Internal Revenue Code applied.

*T   E   N/A*

☐ ☐ ☒     (6) If my basis in the residence is determined by reference to the basis in the hands of a person who acquired the residence in an exchange to which section 1031 of the Internal Revenue Code applied, the exchange to which section 1031 applied occurred more than 5 years prior to the date I sold or exchanged the residence.

**Part III. Seller Certification:** Under penalties of perjury, I certify that all the above information is true as of the end of the day of the sale or exchange, on the dates set forth below.

_John E. Orem Jr._     7-17-2021       _Seerina L. Orem_     7/17/21
John E. Orem Jr.         Date             Seerina L. Orem         Date

## DISBURSEMENT METHOD AGREEMENT

### *ATTENTION SELLER (FOR RESIDENTIAL TRANSACTIONS ONLY):*
*If you plan to apply your sale proceeds to a purchase of real estate in Ohio, we will need to wire the funds to the settlement agent for your purchase in order to comply to state law.*

PROPERTY: 7922 Third Street, Orient OH 43146
File # 14-4151

Your transaction proceeds or other disbursement from the above-referenced file will be available on the following date: _____. Please let us know how you would like your funds disbursed to you.

_____   I acknowledge receipt of my proceeds **CHECK** in person.  I understand that Positive Pay is being used to guard against fraud, and so my check may not be honored for payment for up to 3 hours.

_____   I prefer to have the proceeds **CHECK** sent to my:
            _____  Residence: _____
            Work: _____
And send it:     ___X___ ordinary mail;      _____ FedEx ($15.00 fee)

_____   I prefer to pickup a **CHECK** at the front desk of our _____
            branch office on the funding date or any day thereafter.  I understand that I may need to prove my identity when picking up in person.  I should not send someone else to pick up the check.

_____   I authorize you to give my proceeds **CHECK** to this person: _____
            so that they may deliver to me/us.

_____   I direct Northwest Select Title to **WIRE** our proceeds to the following bank account, and indemnify them for any issues I may encounter if the actual ownership of the bank account identified below doesn't match the ownership of the real property in this transaction:

            Bank Name: _____
            ABA Routing #_____
            Name(s) on Account: _____
            Account #_____
            Further Credit To:
            Name: _____   Account #: _____

_____   7-17-2021        _____   7/17/21
John E. Orem Jr.                 Date         Seerina L. Orem              Date